Paul R Shaw, J.
This replevin action was brought to recover possession of the plaintiff’s automobile, seized by the Police Department of the City of New York and now in the possession of its Property Clerk, the defendant herein. The seizure was made in connection with the arrest of one, Francisco Martinez, and two others, all seated at the time in this automobile, which was parked.
The three men were charged with possession of a hypodermic needle under section 3305 of the Public Health Law and possession of narcotics under section 1747-d of the Penal Law. Prior to the arrest, a police officer, while on special patrol, noticed this parked car with four men seated in it. As he approached, one of the men kicked out a package and ran away. The officer retrieved the package and, after some conversation with the remaining three men, arrested them and seized the car. The package proved to be a paper napkin, containing a bottle cap with cotton, heroin being found present on analysis, and a hypodermic needle. The three men were acquitted in Special Sessions.
The plaintiff testified that the only man of the three whom he knew was Martinez, a 19-year-old, known to him since infancy. The plaintiff said he parked his car in front of a construction site and asked Martinez, who was standing around with some friends, to watch it. He denied giving Martinez authority to drive the car, then or on any other occasion, in fact, stating that he believed Martinez could not drive and had no license. The plaintiff was not charged with any knowledge of the alleged unlawful use of the car nor with having any criminal record.
The defendant resists return of the automobile by invoking section 3353 of the Public Health Law, the pertinent provisions of which state as follows: “ 1. Except as authorized in this article, it shall be unlawful to (a) transport, carry, or convey any narcotic drug in, upon, or by means of any vehicle, vessel or *252 aircraft; or (b) to conceal or possess any narcotic drug in or upon any vehicle, vessel or aircraft, or upon the person of anyone in or upon any vehicle, vessel or aircraft; or (c) to use any vehicle, vessel or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any narcotic drug. ’ ’
The defendant urges that this automobile having been so used unlawfully, the plaintiff is barred from its recovery by reason of subdivision f of section 435-4.0 of the Administrative Code of the City of New York, which provides: “In any action or proceeding against the Property Clerk * * * a claimant from whose possession such property or money was taken * * * shall establish that he has a lawful title * * * and that such property or money was held and used in a lawful manner. ’ ’
It is true that an acquittal in a criminal court is not binding in this civil action to which the People of the State of New York are not parties (Schindler v. Royal Ins. Co., 258 N. Y. 310, 312, 313). Nevertheless, this plaintiff, owner of the automobile, is not charged with himself having participated in any unlawful use thereof. The evidence is convincing that such unlawful use by Martinez, if such use be assumed to have been so established, was certainly unintentional on the part of this plaintiff. Subdivision 6 of section 3353 of the Public Health Law provides: “ Forfeiture shall not be adjudged where the owners established by preponderance of the evidence that (a) the use of such seized property, in violation of subdivision one of this section, was not intentional on the part of any owner ”.
In construing this very statute and sustaining the position of a conditional vendor as an owner entitled to the first proceeds from the sale of a seized automobile, it has been stated that “It is elementary that forfeitures are not favored in law, they are considered harsh and statutes designed to relieve from the rigors of forfeiture are looked upon favorably and construed liberally.” (Matter of City of Buffalo v. Brooks, 3 Misc 2d 492, 497, opinion clarified 3 Misc 2d 875, affd. 5 A D 2d 752.
This court’s decision in Angrisani v. Rosetti, 36 Misc 2d 523, is to be distinguished on the facts. There it was the owner of the car who was arrested, his auto was seized, and a search of the car revealed a secret compartment containing a spate of incriminating documentary evidence, and there was prior observation of suspicious conduct by the plaintiff, who had a criminal record. The case of Sochemaro v. Rosetti, 6 Misc 2d 23, 25, seemingly parallel to this case, is also to be distinguished on the facts. There, too, it was the owner who was arrested *253 while in possession of the car, and, although acquitted of the criminal charge, he had a criminal record and the court stated: “ The court finds that the plaintiff * * * did have knowledge of the narcotics concealed in the car. ’ ’
The court finds that, if there was in fact an unlawful use of the automobile, such use was not intentional on the part of this plaintiff, the lawful owner of the automobile. Judgment is accordingly directed in favor of the plaintiff.