Per Curiam.

In this action to replevin an automobile seized by the police, the evidence adduced at the trial indicates that, following an unlawful search and seizure of plaintiff’s automobile, his son was arrested and charged with unlawful possession of narcotic drugs allegedly secreted in the said motor vehicle, and of which plaintiff had no knowledge.
It is well settled that evidence wrongfully obtained by a public official is not admissible in a civil proceeding (People v. Horman, 29 A D 2d 569, affd. 22 N Y 2d 378). This exclusionary rule has been applied in a forfeiture proceeding arising out of a criminal prosecution (One 1958 Plymouth Sedan v. Pennsylvania, 380 U. S. 693) and in a replevin action (Reyes v. Rosetti, 47 Misc 2d 517). Since the illegal evidence was suppressed in the criminal prosecution, there is no justiciable defense to the present action.
*336 In any event, section 435-4.0 of the New York City Administrative Code, upon which defendant relies, must be read together with section 3353 of the Public Health Law. Section 435^4.0 requires that in any action against the Property Clerk to recover property in his custody, a claimant shall establish that he has lawful title in such property and that it ‘ ‘ was held and used in a lawful manner”. Subdivision 2 of section 3353 (supra) provides that any vehicle used to facilitate transportation or concealment of any narcotic drug may be seized and forfeited. Subdivision 4 of the latter section provides that the Corporation Counsel may institute forfeiture proceedings within 30 days from the date of seizure or cause the seized property to be returned to the owner thereof. Subdivision 6 of the said section bars any adjudgment of forfeiture where the owner establishes that the unlawful use of the seized property 11 was not intentional ” on the part of the owner.
It is the rule of statutory construction that where a general statute conflicts with a particular statute, the latter applies (cf. St. Germain v. St. Germain, 25 A D 2d 568). So construing the statutes mentioned, we cannot ignore the requirements of section 3353 of the Public Health Law. Consequently, the issue here is not whether the automobile was used lawfully or unlawfully at the time involved, but whether or not any proscribed use was, as to the owner of the vehicle, an ‘ ‘ intentional ’ ’ one. The evidence established that plaintiff had no knowledge of his son’s conduct and that he did not acquiesce therein. Upon such a showing, he is entitled to prevail (see Cortes v. Rosetti, 38 Misc 2d 250; see, also, Reyes v. Rosetti, 47 Misc 2d 517, supra). It was therefore error to award judgment to defendant upon the theory that plaintiff failed to sustain the burden of proof that his automobile was used in a lawful manner.
The judgment should be unanimously reversed, without costs, and a new trial ordered, limited to a determination as to a return of the automobile, if it is still in defendant’s possession, or its equivalent by way of a money judgment and an assessment of damages plaintiff may have suffered in consequence of its unlawful detention by defendant.
Concur —■ Croat, P. J., Margett and Rinaedi, JJ.
Judgment reversed, etc.