434 So.2d 1324 (1983)
Cynthia L. McCuller ERVIN
v.
STATE of Mississippi, ex rel. MISS. BUREAU OF NARCOTICS.
No. 53745.
Supreme Court of Mississippi.
May 11, 1983.
Rehearing Denied August 3, 1983.
Edward Witt Chandler, Memphis, Tenn., for appellant.
R. Steven Coleman, Jackson, for appellee.
Before BROOM, PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
The Mississippi Bureau of Narcotics initiated a civil suit for the forfeiture of an automobile which was used by the owner's husband in violation of state narcotics law. In the trial held before the Circuit Court of DeSoto County, the trial judge ordered the forfeiture of the owner's automobile. On appeal, the owner contends that there was insufficient evidence to establish that she knowingly consented to or gave permission for the illegal use of her car.

I.
Cynthia L. McCuller and Billy R. Ervin married in July of 1980. At the time of their marriage, Mrs. Ervin owned a 1975 Honda Civic automobile which she had purchased previously in 1975. She is now currently *1325 enrolled in nurses' training at Methodist Hospital in Memphis, Tennessee.
Billy Ervin was employed as a carpenter, and at the time of his marriage to Cynthia, he was the owner of a Dodge pickup truck. On some occasions, each party used the vehicle owned by the other. Nevertheless, it was not frequent that Billy would use Cynthia's car, and to the best of Cynthia's knowledge, she never remembered Billy using her car for trips outside of Memphis.
The proof showed that, prior to their marriage, Billy Ervin had two drug related convictions. One conviction, of which Mrs. Ervin had knowledge, was in 1972 for possession of marijuana. However, Mrs. Ervin denied having any knowledge of the 1975 conviction for another narcotics charge.
On Sunday, December 28, 1980, Cynthia Ervin was at home ill, taking prescribed medication, and asleep when her husband took her Honda automobile into DeSoto County, Mississippi. On that date, Billy Ervin was arrested in DeSoto County for possession of a controlled substance with intent to deliver. The vehicle was seized by the Mississippi Bureau of Narcotics.
Both agents acknowledged the Tennessee tag on the Honda car, but neither asked Billy Ervin if he owned the vehicle when it was seized by them. A subsequent search of the records with the Tennessee Motor Vehicle Controller indicated the appellant's registration.
The Mississippi Bureau of Narcotics filed a petition for seizure of the car, and Cynthia Ervin filed her verified answer asserting her right to ownership of the vehicle and further, denying any knowledge or consent to its illegal use.
At the trial of the case sub judice, two agents for the Bureau of Narcotics established through their testimony that the vehicle in question was used by Billy Ervin in connection with his illegal narcotics activity.[1] No other proof was offered by the state except for the basic facts related above.

II.
Any automobile which is used to facilitate the illegal transportation, sale, receipt, possession or concealment of certain controlled substances may be forfeited to the Bureau of Narcotics. Miss. Code Ann. § 41-29-153 (Supp. 1982). In such cases, forfeiture will be denied only when the automobile was illegally used without the owner's knowledge or consent. Id. Moreover, if the owner files a verified answer denying that his automobile is subject to forfeiture, the pertinent statute then places the burden of proof upon the state to prove the propriety of the forfeiture. Miss. Code Ann. § 41-29-179 (Supp. 1982). Otherwise, the petition for forfeiture constitutes prima facie evidence that the property is subject to forfeiture. Id.
In this case, the owner filed a verified answer, and thereby placed the burden of proof on the state. Unfortunately, the applicable statute does not define the burden of proof. Cf. Cortes v. Rosetti, 38 Misc.2d 250, 235 N.Y.S.2d 403 (1962) (New York forfeiture statute requires a showing by "preponderance of the evidence"). A definition of the burden of proof under this statute is necessary because the appellant's sole contention on the appeal is that the evidence presented by the state was insufficient to establish the owner's knowledge of or consent to her husband's illegal activities. The lower court determined that guilty knowledge or consent was established from the following factors: (1) the owner's knowledge of her husband's prior convictions for narcotics offenses; (2) the availability of the owner's car keys; and (3) the previous use of the owner's car by the spouse.
We think it is our first responsibility to define an appropriate burden of proof[2] which takes into consideration both *1326 the interest of the state as well as that of the owner. The rationale behind this forfeiture statute is based on the observation that forfeiture of automobiles will hamper narcotics trafficking by striking at its source of mobility. Obviously, imposing a heavy burden of proof upon the state will curtail the effectiveness of such a statute. On the other hand, we have recognized that forfeiture statutes are penal in nature and therefore should be strictly construed. Zambroni v. State, 217 Miss. 418, 64 So.2d 335 (1953); Aldinger v. State, 115 Miss. 314, 75 So. 441 (1917). Since the statute already places the burden of proof upon the state, where the owner has presented a verified answer, we think it is appropriate that the state should be saddled with the requirement of proving the owner's knowledge or consent only by a preponderance of the evidence.
The next step is to determine whether the evidence presented by the state was sufficient to establish by a preponderance of the evidence that the owner had knowledge of or gave consent to her spouse's criminal acts. Since there are no Mississippi cases construing the forfeiture statute involving controlled substances, we think it might be of some benefit to consider the case law on forfeitures resulting from intoxicating liquor violations.
Facts which merely create a suspicion that the owner had knowledge of the driver's illegal activity are inadequate. Lowery v. State, 219 Miss. 547, 69 So.2d 213 (1954). In Stringer v. State, 229 Miss. 412, 91 So.2d 263 (1956), the state attempted to show that the defendant had knowledge of the fact that the driver was using the owner's automobile for the purpose of transporting intoxicating liquors in violation of the law. The evidence established that the driver had been seen driving the car from time to time over a period of three or four months. This Court determined that such evidence was a circumstance for consideration by the trier of fact, but that such evidence alone was insufficient as a matter of law to show that the owner had knowledge of the car's use for an unlawful purpose.
Another case, which is similar factually to the evidence presented in this case, is Skelton v. State, 52 So.2d 839 (Miss. 1951). In that case, the Court focused on particular factors in the following language:
It is shown without dispute that Skelton was the owner of the automobile. He purchased it and it was being financed, was insured, and the tag thereon was bought, in his name. There is no proof whatever that any one else had any interest in it.
Furthermore, the evidence discloses, without substantial contradiction, that he had no knowledge whatever that Ray was using the car on the occasion in question.
[Id. at 839].
On the basis of those facts, the Court ordered the return of the automobile to its owner.
Two of the factors listed by the lower court, that Mr. Ervin occasionally used Mrs. Ervin's car and that he had access to her keys, are totally inadequate to establish that Mrs. Ervin had knowledge or consented to the illegal use of her car. Such facts are as consistent with innocence as they are with guilt. Therefore, the remaining factor, that Mrs. Ervin knew of a past drug-related conviction, is the key factor to be considered.
Mrs. Ervin testified that she only had knowledge of the eight-year old conviction. She also stated that she had never seen marijuana or other illegal drugs in her home or in the presence of her husband. Moreover, she completely denied giving any permission to her husband to use the car in an unlawful manner.
It is our considered opinion that the owner's knowledge of a spouse's eight-year old conviction fails to establish by a preponderance of the evidence that the owner had knowledge of or consented to the recent unlawful use of the owner's automobile. Since the evidence presented by the state was insufficient to warrant forfeiture, the case must be reversed and rendered.
REVERSED AND RENDERED.
*1327 PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.
NOTES
[1] Billy Ervin was convicted of the narcotics charge, and the conviction was affirmed by this Court. (Ervin v. State, 431 So.2d 130, 1983).
[2] Of course, the legislature is also empowered to determine the proper burden of proof. We do so in this case because the legislature failed to state what the burden of proof is.