On August 17, 1982, the State of Mississippi, ex rel. Mississippi Bureau of Narcotics, filed a petition for the forfeiture of a 1980 red two-door Chevrolet Corvette, the record title being vested in Joe Saik. The Circuit Court of the First Judicial District of Hinds County, Mississippi, heard the cause on petition for forfeiture, answer of Joe Saik, and oral and documentary evidence, and entered an order forfeiting the vehicle to the Mississippi Bureau of Narcotics. Saik has appealed to this Court assigning the following error in the trial below:
 The lower court was manifestly in error in ordering forfeiture of the red Corvette contrary to law and against the overwhelming weight of the evidence.
 Facts
The facts of this case are largely uncontradicted. On February 4, 1982, Joe Saik, who is Joe A. Saik and son of the appellant, Joe E. Saik, transported, in the red Chevrolet Corvette automobile, one (1) pound of marijuana to the parking lot of a Jackson, Mississippi, convenience store, where he sold the marijuana to undercover agents of the Mississippi Bureau of Narcotics. Saik was not arrested at that time by the narcotics agents, in order that they could continue an ongoing investigation and surveillance to discover other violators. Joe A. Saik was twenty-two (22) years of age and resided at a house on 3537 Capitol Street, Jackson, Mississippi, the residence being owned by his mother and father.
Joe A. Saik was indicted in July, 1982, for the February 4 drug sale and the Chevrolet Corvette was seized by MBN agents July 26, 1982, from Joe A. Saik at the 3537 Capitol Street residence. He removed the keys from his pocket and gave them to an MBN officer. He was allowed to remove personal belongings from the automobile, viz, stereo tapes. Appellant, Joe E. Saik, accompanied his son, Joe A. Saik, to the sheriff's office. According to MBN agent Steve Campbell, appellant made a statement that he had bought the car for his son, even though the car was in his own name and that appellant was making the payments on the car.
The evidence is undisputed that Joe A. Saik sold one pound of marijuana to MBN agents on February 4, 1982, and that on said occasion, he was driving the Chevrolet Corvette in which the marijuana was being transported. The MBN agent testified that he had seen the Corvette parked at the Capitol Street residence three or four days a week. Another agent testified that after February 4, 1982, he observed the Corvette at the West Capitol address two days a week up until Saik was arrested, but had never seen the vehicle driven. A third agent testified that he had seen the Corvette at the Capitol Street residence five or six times, but had never observed anyone driving it. A fourth agent testified that he had observed the Corvette at the West Capitol Street address at least five times.
Appellant testified that he resides at 4515 Ridgewood Road, Jackson, Mississippi, and formerly lived at 3537 West Capitol, which property was owned by his wife; he owns the 1980 Chevrolet Corvette automobile, *Page 190 
vin: 1Z878AS419883, involved in this forfeiture proceeding; purchased the vehicle for himself and paid $10,500 for it, and financed $8,000 with the Postal Employees Credit Union; he had made all the payments on the indebtedness and that there was a lien of $4,773.55 in favor of Mississippi Postal Employees Credit Union at the time of the seizure;[1] on February 2, 1982, he had loaned the Corvette to his son, Tommy Saik, on his birthday, and on February 4, 1982, the vehicle was supposed to be at appellant's Ridgewood Road home; Joe A. Saik had no authority to drive the Corvette without appellant's permission and he had no such permission to use the car on February 4, 1982; the tag for the vehicle was purchased by him and registered at the Ridgewood Road address; insurance on the vehicle was issued through Nationwide Insurance Company, with loss payable clause to the Postal Employees Credit Union, and is issued in his name alone; the only time Joe A. Saik had a key to the Corvette was when appellant let him borrow it to ride to work; appellant had no knowledge of any illegal trafficking in drugs by Joe A. Saik; and his son has no right, title, claim or interest in the vehicle. The title certificate of the Corvette and the security instrument were introduced in evidence.[2]
 Law
Mississippi Code Annotated § 41-29-153 (Supp. 1984), is the statute controlling this case. It provides:
 (a) The following are subject to forfeiture:
 * * * * * *
 (4) All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (a) or (2) of this section, [controlled substances or equipment used in connection with controlled substances], however:
 * * * * * *
 B. No conveyance is subject to forfeiture under this section by reason of any act or omission proved by the owner thereof to have been committed or omitted without his knowledge or consent; . . . .
In support of its position, the State cites numerous cases from other jurisdictions and argues that: (1) the lower court adjudged forfeiture of the Corvette upon a preponderance of the evidence and proof sufficient to establish the owner's knowledge or consent; (2) appellant knew or should have known of the illegal use, or intended use, of the vehicle, committed by his son, who had possession, and control of the property; (3) appellant did not repudiate, disprove or rebut evidence that the Corvette was used, or intended for use, in violation of the statute and did not overcome persuasive circumstantial evidence that the vehicle was knowingly utilized; (4) the appellant established a nominal ownership by giving joint tenancy, dominion and control to his son, therefore, the Corvette is forfeitable because of illegal use by one who was lawfully in control of the property; and (5) the lower court is in better position to judge credibility of witnesses than is a reviewing court, and its determination should be accepted by a reviewing court unless manifestly wrong.
The recent case of Ervin v. State, ex rel. Miss. Bureau ofNarcotics, 434 So.2d 1324 (Miss. 1983), is similar in facts to the case sub judice and the principle stated there applies here. In Ervin, the wife's automobile was forfeited under § 41-29-153
after her husband used it for a narcotics transaction. It was the first case construing the forfeiture statute involving controlled substances, *Page 191 
and, for precedent, the Court considered forfeitures in this state resulting from intoxicating liquor violations, viz, Loweryv. State, 219 Miss. 547, 69 So.2d 213 (1954), and Stringer v.State, 229 Miss. 412, 91 So.2d 263 (1956). The Court citedSkelton v. State, 52 So.2d 839 (Miss. 1951), as follows:
 Another case, which is similar factually to the evidence presented in this case, is Skelton v. State, 52 So.2d 839 (Miss. 1951). In that case, the Court focused on particular factors in the following language:
 It is shown without dispute that Skelton was the owner of the automobile. He purchased it and it was being financed, was insured, and the tag thereon was bought, in his name. There is no proof whatever that anyone else had any interest in it.
 Furthermore, the evidence discloses, without substantial contradiction, that he had no knowledge whatever that Ray was using the car on the occasion in question. [Id. at 839].
 On the basis of those facts, the Court ordered the return of the automobile to its owner.
 Two of the factors listed by the lower court, that Mr. Ervin occasionally used Mrs. Ervin's car and that he had access to her keys, are totally inadequate to establish that Mrs. Ervin had knowledge or consented to the illegal use of her car. Such facts are as consistent with innocence as they are with guilt. Therefore, the remaining factor, that Mrs. Ervin knew of a past drug-related conviction, is the key factor to be considered.
 * * * * * *
 It is our considered opinion that the owner's knowledge of a spouse's eight-year-old conviction fails to establish by a preponderance of the evidence that the owner had knowledge of or consented to the recent unlawful use of the owner's automobile. Since the evidence presented by the state was insufficient to warrant forfeiture, the case must be reversed and rendered.
434 So.2d at 1326.
Forfeiture statutes are penal in nature and must be strictly construed. Zambroni v. State, 217 Miss. 418, 64 So.2d 335
(1953); Aldinger v. State, 115 Miss. 314, 75 So. 441 (1917). Appellant filed a verified answer to the forfeiture petition denying the essential allegations required to charge a case of forfeiture. The burden was upon the State to prove forfeiture by a preponderance of the evidence. After a careful study of the entire record, we are of the opinion that the overwhelming weight of the evidence is contrary to the State's position and that the State failed to prove a case of forfeiture. The facts of the case sub judice do not support the contention of the State that appellant's son, Joe A. Saik, by the possession and use of the vehicle on certain occasions was vested with an ownership of it as opposed to the record title of appellant, who testified without contradiction that the son was not permitted use of the vehicle at the time of the sale of marijuana and that appellant had no knowledge of illegal use of his vehicle by Joe A. Saik. Therefore, the judgment of the lower court is reversed and judgment is rendered here for appellant Joe E. Saik.[3]
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
[1] MBN paid the balance when it seized the Corvette. It should take appropriate steps to protect its interest.
[2] The insurance policy was not introduced or were any questions asked appellant as to whether or not the insurance policy designated a principal driver. That information would have been strong (?) evidence for either party of the lawsuit.
[3] We note that there may be cases in the future, with additional essential facts proved, where forfeiture would be justified and required. This is not such a case. *Page 192