## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00302-SCT

*ONE FORD MUSTANG CONVERTIBLE BEARING VIN #1FACP45EXLF192944*

*v.*

*STATE OF MISSISSIPPI, EX REL. CLAY COUNTY SHERIFF'S DEPARTMENT*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/22/93 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILBUR O. COLOM |
| | CHRISTOPHER D. HEMPHILL |
| ATTORNEY FOR APPELLEE: | THAD BUCK |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 6/13/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/96 |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. This case evolved from a Petition of Forfeiture filed by the State of Mississippi on behalf of the Clay County Sheriff's Department (hereinafter Department). A 1990 Ford Mustang convertible was the subject of the petition. The Department's petition alleged that the automobile was used in violation of the Uniform Controlled Substance Law and therefore subject to forfeiture. The basis for the petition was the discovery of cocaine in the vehicle. The car was titled to Alvin Tallie but was in the possession of John Orr when seized. An Order of Forfeiture was entered by the trial court in favor of the Department, because Orr paid for the car, Orr was in possession of it at all times, and there was no evidence Tallie ever possessed it. The question for this Court is whether the owner was in fact Orr, who had possession of the car, or Tallie to whom the car was registered. If it is Orr, then the State met its burden of proof; if the proper owner is Tallie, then the forfeiture is not justified. We hold that for the purposes of forfeiture, Orr was the owner of the car.

¶2. On November 19, 1991, Orr, Ben Harris, and Anthony Pernell were arrested for attempted aggravated assault at the Days Inn in West Point, Mississippi, by Ray Moore of the Clay County Sheriff's Department. At that time, the Ford Mustang was parked outside of the motel room with its doors locked. The car was subsequently searched in the motel parking lot and no drugs were found. The car was then towed to the

Clay County Sheriff's Department where it was parked in the impound yard. Deputy Sheriff Moore found flakes of cocaine in the amount of .02 grams while performing an inventory of the car on the morning of November 20. No charges were ever filed against Orr. Tallie was not present when the car was seized, and no charges were filed against him. Tallie came to the Department on the morning after the arrest of Orr to claim the Ford Mustang. He was told to come back that afternoon with his paperwork. Tallie was never allowed to take the car with him. Forfeiture proceedings were undertaken by the Department and the State of Mississippi because of the crack cocaine found in the car.

¶3. Section 41-29-153 of the Mississippi Code of 1972, Annotated, dictates the law on forfeiture of vehicles. This section provides for forfeiture of vehicles used or intended for use in the transportation of controlled substances, among other things. Subsection (a)(4)(B) states that if the owner proves the illegal act was committed or omitted without his knowledge or consent, then the property is not subject to forfeiture.

¶4. The owner of the property must file an answer to the petition for forfeiture. Once this is done the burden is on the petitioner to prove the propriety of the forfeiture by a preponderance of the evidence. Miss. Code Ann. § 41-29-179(2) (1972). We have held that the State must demonstrate by a preponderance of the evidence that the owner of the vehicle had knowledge of or consented to the illegal use of his property for drug-related activities. *Curtis v. State*, 642 So. 2d 381, 385 (Miss. 1994); *Ervin v. State*, 434 So. 2d 1324 (Miss. 1983).

¶5. Tallie claims on appeal that he was the owner of the Ford Mustang, as it was properly titled in his name, and the State failed to meet its burden of proof. The Mississippi Motor Vehicle Title Law states that the "owner" of a vehicle is the person holding the legal title of a vehicle. Miss. Code Ann. § 63-21-1(m) (1972). He maintains that petitioners submitted no evidence or testimony showing that Tallie knew or consented to the use of his vehicle for the transportation of cocaine.

¶6. The State contends Tallie was merely a "straw man." Timothy Robertson, brother-in-law of Tallie and friend of Orr's, testified that he had never seen Tallie in possession of the car. Robertson also stated that he was with Orr when he paid for the car and that Orr kept the car. Robertson testified that he was with Orr when Orr bought rims for the car, had the windows tinted, and bought a wing for the car as well. The deputy sheriff making the arrest testified that the car was in Orr's possession and contained crack. Later, the deputy found out Tallie did have record title, but Orr had purchased the car. Tallie did deny the allegations in the petition for forfeiture via his answer; however, there was no testimony from Tallie at trial explaining Orr's payment and possession of the Ford Mustang.

¶7. We are of the opinion that the definition of owner in the Mississippi Motor Vehicle Title Law establishes a prima facie case of ownership. This presumption, though, is rebuttable. The references to owner within the forfeiture statutes indicate that property interests must be not only legal but "bona-fide." Miss. Code Ann. § 41-29-179 (1972).

¶8. In *Saik v. State*, 473 So. 2d 188 (Miss. 1985), the Court addressed a similar issue regarding whether ownership of the car was vested in the father who had record title or the son who was allowed occasional use and possession of his father's car. Saik's son was using the car when he sold marijuana to a state narcotics agent. The trial court heard the cause on petition for forfeiture, answer of Joe Saik, and oral and documentary evidence, and entered an order forfeiting the vehicle to the Mississippi Bureau of Narcotics. *Saik*, 473 So. 2d at 189. This Court noted that Saik had filed a verified answer denying the allegations

required to charge a case of forfeiture and that the State thus had the burden of proving forfeiture by a preponderance of the evidence. The Court held, "we are of the opinion that the overwhelming weight of the evidence is contrary to the State's position and that the State failed to prove a case of forfeiture." *Id.* at 191. The Court found that the facts of the *Saik* case did not support the contention that Saik's son, by the possession and use of the vehicle on certain occasions was vested with an ownership of it as opposed to the record title of Saik, who testified that his son was not allowed use of the vehicle at the time of the sale of marijuana and that Saik had no knowledge of illegal use of his vehicle by the younger Saik. *Id.* In a footnote, we stated, "there may be cases in the future, with additional essential facts proved, where forfeiture would be justified and required." *Saik,* 473 So. 2d at 191 n.3. Today's case exemplifies such a situation.

¶9. Other states have addressed "ownership" where forfeiture proceedings are at issue and ruled that a straw man is not the "owner" in these situations. *See In the Matter of One Residence Located At 4030 W. Avocado, Cortaro Ridge, Lot 32, in Docket 8592, Page 1222*, 908 P.2d 33, 34-35 (Ariz. 1995); *United States v. A Single Family Residence and real Property located at 900 Rio Vista Blvd., Ft. Lauderdale*, 803 F.2d 625, 630 (11th Cir. 1986); *United States v. Vacant Land Located at 10th Street and Challenger Way in Palmdale, Ca.*, 15 F.3d 128, 130 (9th Cir. 1993). "Ownership" for the purposes of forfeiture has been stated as "possession, control, title and financial stake" in the property. *4030 W. Avocado*, 908 P.2d at 35 (quoting *United States v. One 1945 Douglas G-54 (DC-4) Aircraft*, 647 F.2d 864, 866 (8th Cir. 1981), *cert. denied,* 454 U.S. 1143 (1982)). Moreover, as stated by the Sixth Circuit, "[a] failure to look beyond bare legal title would foster manipulation of nominal ownership to frustrate [the intent of the forfeiture statutes]." *United States v. Premises Known as 526 Liscum Drive, Dayton, Montgomery County, Ohio*, 866 F.2d 213, 217 (6th Cir. 1989).

¶10. In this case, the evidence at the forfeiture hearing showed (1) that Orr purchased the vehicle; (2) that $13,000 cash, consisting mostly of small bills, was used by Orr to purchase said car; (3) that Orr was a drug dealer; (4) that Orr was in possession of the car and he made improvements to it; (5) that cocaine was found in the vehicle with Orr in possession of it; and (6) that claimant [Tallie] offered no proof that he neither had knowledge of nor gave consent for the car to be used in violation of the Mississippi Uniform Controlled Substances Law. The overwhelming weight of the evidence indicates that Orr was vested with ownership by the possession and use of the vehicle as opposed to the record titleholder, Tallie. To hold otherwise here would thwart the intent of our forfeiture statutes. This vehicle was properly subject to forfeiture, and the State met its burden of proof as required by *Ervin* and *Curtis*. This case is affirmed.

**¶11. AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**BANKS, JUSTICE, CONCURRING:**

¶12. I agree with the disposition of this case by the majority. I write separately to note what I believe to be a wrong turn taken by this Court in previous cases.

I.

¶13. In *Ervin v. State Ex Rel. Miss. Bur. of Narc.*, 434 So. 2d 1324 (Miss. 1983), this Court held that the filing of a "verified" answer placed the burden upon the State to prove that the property is forfeitable, including proof by a preponderance of the evidence that the owner had knowledge or gave consent. This holding ignores two statutory prescriptions that the burden be upon the person claiming an interest in property to prove lack of knowledge or consent. Miss. Code Ann. § 41-29-153(a)(7) (1972) ("No property shall be forfeited . . . to the extent of the interest of an owner, by reason of any act or omission *established by him* to have been committed or omitted without his knowledge or consent.") (emphasis added); § 41-29-179 (3) ("*Any claimant* of any, right title or interest *may prove* his lien . . . or other interest in the nature of a security interest . . . *to be bona fide and created without knowledge or consent that the property was to be used so as to cause it to be subject to forfeiture.*") (emphasis added). In 1985 the statutory scheme was amended to clarify the standard of proof. The explicit language placing the burden of proof on the owner or other interest holder was retained and the standard of proof placed on the petitioner to establish that the property is subject to forfeiture was established as a preponderance of the evidence. 1985 Miss. Laws ch. 388 § 2(4)(B). The language of § 41-29-179 placing the burden on the State to prove that the property is forfeitable once an answer is filed, does no more than refer us back to the statute defining what is forfeitable, that is, § 41-29-153. Under that section, forfeitable property is that which is traceable to the proceeds of drug trafficking or which is used or intended for use in drug trafficking, where such use is not "*established by [the owner]* to have been committed . . . without his knowledge or consent." (emphasis added). Miss. Code Ann. § 41-29-153(a)(7) (Property traceable to drug violations or used to facilitate drug violations are forfeitable and property found in close proximity to drugs or paraphernalia are presumed forfeitable. "[T]he burden of proof is upon claimants of the property to rebut this presumption."). Nevertheless, purely as a matter of statutory construction, this Court placed the burden of proof on the State to prove not only that the property was subject to forfeiture because of its connection with drug trafficking but also that the owner or other interest holder had no knowledge. *Ervin,* 434 So. 2d at 1326.

¶14. We followed *Ervin* just recently in *Curtis v. State*, 642 So. 2d 381 (Miss. 1994). Again, we referred to a "verified" answer despite the fact that the statute no longer requires a verified answer.

¶15. These cases bear little fidelity to the statutory scheme for forfeiture in our state. They should be overruled. Moreover, taken on their face, they are of no application here because no "verified" answer was ever filed.

**SULLIVAN, P.J., JOINS THIS OPINION.**