BANKS, Justice,
concurring:
I agree with the disposition of this case by the majority. I write separately to note what I believe to be a wrong turn taken by this Court in previous cases.
I.
In Ervin v. State Ex Rel. Miss. Bur. of Narc., 434 So.2d 1324 (Miss.1983), this Court held that the filing of a “verified” answer placed the burden upon the State to prove that the property is forfeitable, including proof by a preponderance of the evidence that the owner had knowledge or gave consent. This holding ignores two statutory prescriptions that the burden be upon the person claiming an interest in property to prove lack of knowledge or consent. Miss. Code Ann. § 41-29-153(a)(7) (1972) (“No property shall be forfeited ... to the extent of the interest of an owner, by reason of any act or omission established by him to have been committed or omitted without his knowledge or consent.”) (emphasis added); § 41-29-179(3) (“Any claimant of any, right title or interest may prove his lien ... or other interest in the nature of a security interest ... to be bona ftde and created without knowledye or consent that the property was to be used so as to cause it to be subject to forfeiture.”) (emphasis added). In 1985 the statutory scheme was amended to clarify the standard of proof. The explicit language placing the burden of proof on the owner or other interest holder was retained and the standard of proof placed on the petitioner to establish that the property is subject to forfeiture was established as a preponderance of the evidence. 1985 Miss. Laws ch. 388 § 2(4)(B). The language of § 41-29-179 placing the burden on the State to prove that the property is forfeitable once an answer is filed, does no more than refer us back to the statute defining what is forfei-table, that is, § 41-29-153. Under that section, forfeitable property is that which is traceable to the proceeds of drug trafficking or which is used or intended for use in drug trafficking, where such use is not “established by [the owner] to have been committed ... without his knowledge or consent.” (emphasis added). Miss.Code Ann. § 41-29-153(a)(7) (Property traceable to drug violations or used to facilitate drug violations are forfeitable and property found in close proximity to drugs or paraphernalia are presumed forfeitable. “[T]he burden of proof is upon claimants of the property to rebut this presumption.”). Nevertheless, purely as a matter of statutory construction, this Court placed the burden of proof on the State to prove not only that the property was subject to forfeiture because of its connection with drug trafficking but also that the owner or other interest holder had no knowledge. Ervin, 434 So.2d at 1326.
We followed Ervin just recently in Curtis v. State, 642 So.2d 381 (Miss.1994). Again, we referred to a “verified” answer despite the fact that the statute no longer requires a verified answer.
These cases bear little fidelity to the statutory scheme for forfeiture in our state. They should be overruled. Moreover, taken on their face, they are of no application here because no “verified” answer was ever filed.
SULLIVAN, P.J., joins this opinion.