# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01255-COA

ONE (1) 2011 CHEVROLET SILVERADO 1500,                      APPELLANTS
KELLY BOWEN WILSON AND STEPHEN
ELLIOTT PERGANDE

v.

PANOLA COUNTY NARCOTICS TASK FORCE,               APPELLEE
A DIVISION OF PANOLA COUNTY SHERIFF'S
DEPARTMENT

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2013 |
| TRIAL JUDGE: | HON. JAMES MCCLURE III |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | THOMAS ALAN WOMBLE |
| ATTORNEY FOR APPELLEE: | DARRIN JAY WESTFAUL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR RECONSIDERATION OF FORFEITURE |
| DISPOSITION: | REVERSED AND RENDERED - 11/25/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ROBERTS, J., FOR THE COURT:**

¶1.     Kelly Bowen Wilson and her son, Stephen Elliott Pergande, appeal the Panola County

Circuit Court's judgment finding that their jointly owned vehicle was subject to forfeiture

after Pergande pled guilty to conspiracy to possess cocaine.  Pursuant to a plea agreement,

Pergande's guilty plea was deferred, and he was placed on nonadjudicated probation for three

years.  Wilson and Pergande claim that forfeiture of the vehicle, a 2011 Chevrolet Silverado

pickup truck, is an excessive fine for the crime that Pergande committed.  We agree.

Accordingly, we reverse the circuit court's judgment and render a judgment in favor of Wilson and Pergande.

## FACTS AND PROCEDURAL HISTORY

¶2.     This appeal centers on the forfeiture of a truck, which was a gift to Pergande from his grandfather, Martin Bowen. Wilson and Pergande, both residents of Texas, were listed as the owners on the truck's title, but it was primarily used by Pergande, a student at the University of Texas.

¶3.     During April 2012, Pergande was twenty years old. He and his friend, Christopher Collinge, were driving from Austin, Texas, to Nashville, Tennessee. They planned to meet some friends in Batesville, Mississippi, but Pergande and Collinge got lost in Batesville. While Pergande and Collinge drove through a neighborhood, someone called 911 and reported what the caller perceived to be suspicious behavior. While Collinge was driving the pickup, he attempted to turn around by driving across the median of I-55, but the truck became stuck. Deputy Brad Pickett of the Panola County Sheriff's Department responded and found Pergande and Collinge on the side of the interstate. They were both outside of the truck when Deputy Pickett arrived. Deputy Pickett later described Pergande and Collinge's behavior as "erratic." Other law enforcement officers arrived at the scene, and eventually they discovered approximately 8.3 grams of cocaine.[1] Pergande and Collinge each had some identified amount in their pockets, and a trace amount was recovered from the floorboard of the truck. Authorities arrested Pergande and Collinge. They also seized the truck.

---

[1]   Because authorities recovered a trace amount of cocaine in the floorboard of the truck, we assume that the cocaine was in powdered form.

2

¶4.    Pergande and Collinge were each indicted and charged with conspiracy to possess cocaine and possession of between two and ten grams of cocaine. Pergande and the prosecution reached a plea agreement. In October 2012, Pergande fulfilled his end of the bargain and pled guilty to conspiracy to possess cocaine. The prosecution recommended that the circuit court withhold acceptance of Pergande's guilty plea as a first offender, and enter a nonadjudication order. The circuit court followed the prosecution's recommendation. Additionally, the circuit court placed Pergande on nonadjudicated probation for three years, fined him $500, and ordered him to pay $125 in restitution.

¶5.    After Pergande pled guilty, Panola County filed a forfeiture complaint and sought the truck, which was valued at approximately $30,000. There were no liens on it. Wilson contested the forfeiture. She argued that forfeiture was inappropriate because she was an "innocent owner." That is, Wilson argued that the truck should not be subject to forfeiture because she was a joint owner of the truck, and she did not know that her minor son, Pergande, had left Texas, or that he and Collinge had cocaine in the truck. Wilson and Pergande also claimed that forfeiture of the truck was grossly disproportionate to the offense that led to its seizure. However, the circuit court found no merit to their defenses, and awarded the truck to Panola County. Wilson and Pergande appeal, and reiterate their arguments. Because we find merit to their argument that forfeiture of the truck is grossly disproportionate to the crime that led to its seizure, we reverse the circuit court's judgment and render a judgment in their favor. It follows that Wilson's innocent-owner issue is moot.

**ANALYSIS**

**EXCESSIVE FINE**

3

¶6. Wilson and Pergande claim that the forfeiture of the truck is an excessive and grossly disproportionate fine for a nonadjudicated offense of conspiracy to possess cocaine. Article 3, Section 28 of the Mississippi Constitution prohibits the government from imposing excessive fines. Because forfeiture actions are penal in nature, the Mississippi Supreme Court has applied Article 3, Section 28 to them and adopted a four-element proportionality test that applies in the context of forfeiture proceedings. *One (1) Charter Arms, Bulldog 44 Special v. State ex rel. Moore*, 721 So. 2d 620, 624-25 (¶19) (Miss. 1998). Those four elements are:

(1) The nexus between the offense and the property and the extent of the property's role in the offense;

(2) The role and culpability of the owner;

(3) The possibility of separating the offending property from the remainder; and

(4) Whether, after a review of all relevant facts, the forfeiture divests the owner of property which has a value that is grossly disproportionate to the crime or grossly disproportionate to the culpability of the owner.

*Id*. at 625 (¶19). The supreme court went on to hold:

The analysis under the proportionality test that we employ here is two-part. First, under the "instrumentality" (or "nexus") test, the forfeited property must have a sufficiently close relationship to the illegal activity. Second, under the "proportionality" test, forfeiture of the property must not impose upon the owner a penalty grossly disproportionate to his offense.

*Id*. at 625 (¶22).

**A.    The Instrumentality Test**

¶7. In *Charter Arms*, 721 So. 2d at 625 (¶25), the supreme court noted that the drug offender had used a Corvette to travel to "a known drug area to purchase cocaine, [it]

4

afforded him quick egress from the area, and [it] allowed him a measure of privacy in which to consume his ill-gotten drugs." Therefore, the supreme court found that the instrumentality test favored forfeiture of the Corvette. *Id*. at (¶26). But in the case presently before us, there is no evidence that the truck had any relationship to Pergande and Collinge's conspiracy to possess cocaine. There is no evidence that Pergande and Collinge used the truck to obtain the cocaine that they had. Apparently, Pergande and Collinge had cocaine in their possession while they were traveling in the truck, but that is the extent of the evidence in the record. There is no indication that the truck somehow facilitated their possession of cocaine. There was no testimony that they were traveling for the purpose of obtaining cocaine. Nothing in the record contradicts the concept that the cocaine was for their private use. And although there was a trace amount of cocaine in the floorboard of the truck, the majority of the cocaine was in Pergande's and Collinge's pockets. In that sense, their pants were arguably more instrumental in their possession of cocaine than the truck. Therefore, under the precise circumstances of this case, we find that the instrumentality test disfavors forfeiture of the truck.

### B.    The Proportionality Test

¶8.    In *Charter Arms*, the supreme court held that forfeiture of a nine-year-old Corvette was grossly disproportionate to the crime that led to its seizure because the offender who owned it

> had only one rock of cocaine in his possession at the time of his arrest. Furthermore, the cocaine was not hidden or concealed in the car[;] it was on his person. [And the offender], with no prior felony convictions regarding controlled substances, paid a $2,500 fine for possession of cocaine and was placed on probation for a period of three years.

*Id.* at 625-26 (¶27). Like Pergande, the offender in *Charter Arms* was also placed on nonadjudicated probation. *Id.* at 625 (¶27).

¶9. The facts of this case are strikingly similar. The truck was approximately one year old at the time it was seized, and it was valued at approximately $30,000. Pergande had no prior felony convictions. As previously mentioned, authorities found a total of 8.3 grams of cocaine on Pergande and Collinge, and there was also a trace amount of cocaine in the floorboard of the truck. Pergande pled guilty to conspiracy to possess between two and ten grams of cocaine. The circuit court withheld judgment and entered a nonadjudication order. The circuit court also placed Pergande on nonadjudicated probation for three years, fined him $500, and ordered him to pay $125 in restitution. Following precedent established by the supreme court in *Charter Arms*, we find that the proportionality test also disfavors forfeiture.

¶10. The dissent cites the statutory penalties for possession of between two and ten grams of cocaine to support the conclusion that forfeiture was not an excessive penalty in this case. But Pergande did not plead guilty to possession of any amount of cocaine. As the dissent acknowledges, Pergande pled guilty to *conspiracy* to possess cocaine. The maximum sentence for conspiracy to possess any amount of cocaine is five years in the custody of the Mississippi Department of Corrections and a $5,000 fine. Miss. Code Ann. § 97-1-1(h) (Rev. 2007). Pergande was not charged with any offense related to possession of diazepam. Regardless of the crime that Pergande might have faced had he not pled guilty, the fact remains that he pled guilty solely to conspiracy. The dissent cites no authority to support the concept that the supreme court's proportionality test relates to an alleged offense for which one was never charged nor convicted.

6

¶11. The dissent also finds that "bags" of cocaine were recovered from Pergande and the truck. However, the dissent's conclusion is contrary to the evidence that was presented during the forfeiture hearing. During Pergande's guilty-plea hearing, the prosecution stated that law-enforcement recovered cocaine from Pergande and the truck, but there was no reference to "bags" of cocaine. Furthermore, the circuit court noted that Pergande had no prior felony convictions. During the forfeiture hearing, Wilson testified that Pergande had pled guilty to misdemeanor possession of marijuana on December 24, 2008. There was no evidence that Pergande had a prior felony conviction.

¶12. The only mention of diazepam and the quantity of cocaine found in "bags" occurred during the State's arguments in response to Wilson's motion for reconsideration. The State did not elicit any evidence to support the State's comments from any witnesses or documentation. That is, all references to diazepam and bags of cocaine stemmed solely from the attorney representing the State. In other words, the State's argument went beyond any evidence that was presented in the case.

¶13. Because neither the instrumentality test nor the proportionality test favors forfeiture, we find that the circuit court erred when it found that the truck had been forfeited. Therefore, we reverse the circuit court's judgment and render a judgment in favor of Wilson and Pergande. It follows that Wilson's innocent-owner argument is moot.[2]

¶14. **THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT IS REVERSED, AND JUDGMENT IS RENDERED FOR THE APPELLANTS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.**

---

[2] We note that Wilson's argument is novel in that it involves an innocent joint-owner claim, where the other joint owner committed the act that led to the forfeiture.

7

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**CARLTON, J., DISSENTING:**

¶15. I respectfully dissent and submit that our standard of review requires us to affirm the circuit court's judgment. The standard of review in forfeiture cases is the familiar substantial evidence/clearly erroneous test, and upon review, we will not disturb the findings of the circuit court unless it applied an erroneous legal standard when deciding questions of fact. *See Galloway v. City of New Albany*, 735 So. 2d 407, 410 (¶15) (Miss. 1999); *1994 Mercury Cougar v. Tishomingo Cnty.*, 970 So. 2d 744, 747 (¶9) (Miss. Ct. App. 2007). In the present case, the circuit court applied the proper legal standards to determine questions of fact, and the circuit court's findings of fact are supported by substantial evidence.

¶16. Pergande, one of the claimants appealing this forfeiture, was charged with the following two counts: (1) possession of 2 but less than 10 grams of cocaine in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2013); and (2) conspiracy to possess cocaine in violation of Mississippi Code Annotated section 97-1-1 (Rev. 2006). However, as the record reflects, Pergande pled guilty to conspiracy to possess 2 to 10 grams of cocaine.

¶17. Despite a record title of co-ownership of the truck in question, in ordering civil forfeiture, the circuit court found that Pergande displayed complete control, use, and possession of the truck and that he knowingly used the truck to transport cocaine, a controlled substance, across state lines from Texas to Mississippi.[3] As the Mississippi

---

[3] *See One Ford Mustang Convertible v. State ex rel. Clay Cnty. Sheriff's Dep't*, 676 So. 2d 905, 906-08 (Miss. 1996) (finding that the record title holder, who was listed as the

8

Supreme Court has explained, a failure to look beyond record title ownership in forfeiture cases would allow a manipulation of the law, and the definition of owner in the Mississippi Motor Vehicle Title Law establishes a prima facie case of ownership that is rebuttable. *See One Ford Mustang Convertible v. State ex rel. Clay Cnty. Sheriff's Dep't*, 676 So. 2d 905, 907 (Miss. 1996).

¶18. In support of the circuit court judge's factual findings, the record contains a copy of Pergande's plea colloquy and plea petition. The record also contains testimony from Wilson, Pergande's mother and the co-owner of the truck, and Deputy Pickett, the arresting officer. Deputy Pickett testified that Pergande told law enforcement that the truck belonged to him and had been a gift from his grandfather. The facts presented at the petition hearing also show that Pergande filed an affidavit stating he was the lawful and titled owner of the truck.[4] The facts further show that Pergande was driving the truck from Texas to a concert in Tennessee when he was arrested in Batesville, Mississippi. The facts provided during the plea colloquy show that Pergande was on drugs and was "stoned" when he got lost in a neighborhood in Batesville and then became stuck in the median of Interstate 55.

¶19. The circuit court judge found that, pursuant to Mississippi Code Annotated section 41-29-153(a)(7) (Rev. 2013), the truck was subject to forfeiture and should be forfeited. The circuit court found that the evidence established that the truck was used to facilitate the commission of violations of the Uniform Controlled Substances Law. The circuit court

---

vehicle's owner, was a straw man rather than the true owner since ownership vested by actual possession, use, and control by the person who used the vehicle to facilitate illegal drug activities).

[4] Wilson also filed a petition.

further found that Pergande pled guilty to conspiracy to possess 2 to 10 grams of cocaine, with the offense occurring within the premises of the property, Pergande's truck. The circuit court also acknowledged the underlying facts and considered culpability as it related to Pergande and the truck. In so doing, the circuit court acknowledged that law enforcement found controlled substances on Pergande's person and in the truck and that Pergande used the truck as an instrumentality of the crime.

¶20. After finding that the truck was subject to forfeiture and should be forfeited, the circuit court held a post-trial hearing on Wilson's motion for reconsideration. Wilson raised the issues of innocent-owner defense and alleged that the forfeiture constituted an excessive penalty. The circuit court found that Pergande acted at the peril of both joint owners in committing his offense in the truck. The circuit court judge acknowledged that Pergande's mother, Wilson, who was the other joint owner of the truck, admitted during the forfeiture hearing that she knew her son had past drug problems in Texas and that he was a titled owner of the truck at the time of his arrest underlying the forfeiture.[5] Wilson also admitted that Pergande was convicted in 2008 pursuant to a guilty plea for a marijuana offense involving a friend's vehicle.

¶21. The totality of the facts underlying the forfeiture proceeding showed that Pergande possessed a bag of cocaine in his pocket and a bag in the truck. One bag contained 1 gram of cocaine, and another contained 7.3 grams of cocaine. In addition, another bag contained

---

[5] *See Parcel Real Prop. v. City of Jackson*, 664 So. 2d 194, 200 (Miss. 1995) (finding that real property could be forfeited because property owner had knowledge of and had condoned the use of her property to facilitate illegal drug transactions and, thus, her willful blindness removed the innocent-owner defense).

8 dosage units of diazepam, a controlled substance, and another bag contained 47.5 grams of diazepam.[6]

¶22.   Upon considering all the facts, the circuit court determined that Wilson could not claim the innocent-owner defense due to her prior knowledge of Pergande's prior drug problems, related arrest, and resulting conviction in 2008. The circuit court found that the State met its burden of rebutting the innocent-owner defense by showing that Wilson was aware of Pergande's prior drug problems and possession conviction in Texas in 2008 and that she was aware that Pergande was a titled owner of the truck at the time of his arrest in Mississippi in 2012.[7]

¶23.   The circuit court distinguished the facts relevant to the forfeiture action against the truck from the facts related to Pergande's subsequent negotiated plea and sentence. In so doing, the circuit court did not limit its consideration to merely the resulting negotiated plea and sentence to find that the forfeiture failed to constitute an excessive fine. Instead, the circuit court considered all the facts presented that were related to the forfeiture of the truck, including the discovery of controlled substances in the truck, Pergande's use of the truck to transport drugs, Pergande's use and possession of drugs while operating the truck, and Pergande's negotiated plea.

¶24.   The circuit court's opinion denying the motion for rehearing reflects that the circuit

---

[6] During the hearing on Wilson's motion to reconsider, the State's attorney referenced the bags of controlled substances that law enforcement found on Pergande's person and in the truck, as well as the amounts of the controlled substances contained inside each bag.

[7] *See 1994 Mercury Cougar*, 970 So. 2d at 748 (¶11) (recognizing that the State may rebut the innocent-owner defense by proving prior knowledge by a preponderance of the evidence).

court considered all the prongs of the proportionality/instrumentality test set forth in *One (1)*
*Charter Arms v. State ex rel. Moore*, 721 So. 2d 620, 624-25 (¶19) (Miss. 1998).[8]  In so
doing, the circuit court found that the truck possessed a sufficiently close relationship with
Pergande's illegal activity.  The circuit court also considered the role and culpability of the
joint owners and the possibility of separating the property, the truck, from the other prongs
of the test.[9]  The circuit court considered Wilson's culpability as a joint owner with prior
knowledge of Pergande's use and joint ownership of the truck, prior drug problems, and prior
conviction in 2008.

¶25.  The circuit court found that Pergande bore great culpability and that Pergande
knowingly committed his offense in the truck.  The circuit court looked at the totality of the
circumstances underlying the arrest and did not merely rely on Pergande's negotiated plea
and negotiated sentence.  The record and the circuit court's opinion reflect that the circuit
court applied the correct legal standard in deciding the factual questions and in reaching its
decision.  *See Galloway*, 735 So. 2d at 410 (¶15).

¶26.  A review of relevant statutory penalties reflects that forfeiture is not excessive in this
case.  We must also acknowledge that our consideration is not limited to the statutory
penalties of Pergande's negotiated plea but rather to the penalties arising from the facts of
the seizure of the truck, which showed that Pergande possessed and used drugs while

---

[8] *See also Luckett v. State*, 797 So. 2d 339, 344-45 (¶15) (Miss. Ct. App. 2001) (discussing the test used to determine whether the forfeiture of a vehicle constitutes an excessive fine).

[9] *See One (1) 1979 Ford 15V v. State ex rel. Miss. Bureau of Narcotics*, 721 So. 2d 631, 637 (¶¶20-21) (Miss. 1998) (considering culpability of the claimant in light of the circumstances of the crimes).

traveling in the truck. As our statutory law provides, the penalty for possession of 2 or more grams of cocaine but less than 10 grams is imprisonment for no less than 3 years but no more than 20 years or a fine of no more than $250,000, or both. Miss. Code Ann. § 41-29-139(b)(1)(B). However, the plea petition in the record shows that Pergande pled guilty to conspiracy to possess 2 to 10 grams of cocaine, and we must be mindful that the penalty for possession of 10 grams of cocaine is imprisonment for no less than 5 years but no more than 30 years or a fine of no more than $500,000. Miss. Code Ann. § 41-29-139(b)(1)(C).

¶27. As stated, the in rem forfeiture action against the truck is not limited to a consideration of only Pergande's subsequent negotiated plea and sentence, wherein the possession count was dismissed. The facts of this case also show that several bags of controlled substances, including cocaine, were obtained from the truck, and a bag of cocaine was obtained from Pergande's pocket. The facts further show that Pergande drove his truck across state lines from Texas and got lost driving in a Mississippi neighborhood while "stoned." As a result, the facts show that Pergande used the truck as an instrumentality of his conspiracy to possess cocaine and that the truck contained cocaine and diazepam while in operation in a Mississippi neighborhood.

¶28. The majority cites *Charter Arms* as authority to reverse the instant case. However, as set forth in the circuit court's opinion denying the motion to reconsider, the test established by *Charter Arms*, as applied to the facts of the present case, fails to support reversal of this case. The facts of *Charter Arms* differ from the facts of the instant case. In *Charter Arms*, the claimant had one rock of cocaine in his possession at the time of his arrest.

13

*Charter Arms*, 721 So. 2d at 625 (¶27). Furthermore, the cocaine was not hidden or concealed in the defendant's vehicle but was on his person, and the defendant had no prior felony convictions. *Id.* In the present case, however, cocaine was obtained from Pergande's pocket as well as from inside the truck he drove across state lines into a Mississippi neighborhood while stoned. Law enforcement also found diazepam, another controlled substance, in the truck.

¶29.	Pergande's truck was the site of the transport, conspiracy to possess, and possession of the cocaine and other controlled substances found by law enforcement. Substantial evidence in the record supports the circuit court's judgment ordering forfeiture, and the circuit court's order reflects that the circuit court applied the correct legal standards in reaching its decision. *See Galloway*, 735 So. 2d at 410 (¶15); *1994 Mercury Cougar*, 970 So. 2d at 747 (¶9). Because a review of applicable statutory law and caselaw requires that we affirm the circuit court's decision, I respectfully dissent from the majority's opinion.