605 So.2d 802 (1992)
STATE of Mississippi, ex rel. the MISSISSIPPI BUREAU OF NARCOTICS
v.
LINCOLN COUNTY, Mississippi.
No. 90-KA-0112.
Supreme Court of Mississippi.
August 12, 1992.
*803 Michael C. Moore, Atty. Gen., Jackson, John T. Kitchens, Special Ass't Atty. Gen., for appellant.
No brief filed for appellee.
Before HAWKINS, P.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the Court:
On September 27, 1989, the Lincoln County Circuit Court ordered the Mississippi Highway Safety Patrol to surrender unto Lincoln County $640.00 seized in a drug arrest. A declaration of forfeiture had been entered against the money and the money distributed pursuant to Miss. Code Ann. § 41-29-181 (Supp. 1990). The Mississippi Bureau of Narcotics requested the trial court to amend the order. Instead, the trial judge issued an order adjudging the Mississippi forfeiture statutes unconstitutional and invalid where they conflict with Section 261, Article XIV, of the Mississippi Constitution, and ordered the Mississippi Bureau of Narcotics to surrender the $640.00 to Lincoln County.
The sole issue presented by this appeal is:
Whether or not Miss. Code Ann. §§ 41-29-176 through XX-XX-XXX conflict with Section 261, Article XIV, of the Mississippi Constitution of 1890.
This Court has stated that our Constitution  any constitution  is a document presumed capable of ordering human affairs decades beyond the time of its ratification under circumstances beyond the prescience of the draftsman. It should be read and enforced in the manner which best befits its language, is most consistent in principle with the best justification which may be given for the language, and which best serves our state today. Knight v. State ex rel. Moore, 574 So.2d 662, 667 (Miss. 1990). In construing a provision of the Constitution, this Court must give plain meaning to the words of the Constitution. Board of Supervisors of Lamar Co. v. Hattiesburg Coca-Cola Bottling Company, 448 So.2d 917, 922 (Miss. 1984).
When the constitutionality of a statute is drawn into question, a construction will be placed upon it, if reasonably possible, to enable it to withstand the constitutional attack and to carry out the purpose embedded in the legislative language. Burrell v. Mississippi State Tax Commission, 536 So.2d 848, 858 (Miss. 1988); Frazier v. State by and through Pittman, 504 So.2d 675, 708 (Miss. 1987) (Robertson, J., Concurring in Part, Dissenting in Part). Legislative acts are presumed to be constitutional and their unconstitutionality must appear beyond a reasonable doubt. Estate of Smiley, 530 So.2d 18 (Miss. 1988); Mississippi Power Co. v. Goudy, 459 So.2d 257, 263 (Miss. 1984).
At issue in this dispute is Section 261, Article XIV of the Mississippi Constitution which states:
The expenses of criminal prosecutions shall be borne by the county in which such prosecution shall be begun; and all fines and forfeitures shall be paid into the treasury of such county. Defendants, in such cases of conviction, may be taxed with the costs.
In following the plain meaning of the words of this provision, it clearly says "all fines and forfeitures shall be paid into the treasury of such county." The trial judge interpreted this section of the constitution to mean that all fines and forfeitures are to be paid into the treasury of the county, placing the distribution of forfeitures under Miss. Code Ann. § 41-29-181 to the Mississippi Bureau of Narcotics, instead of to the treasury of Lincoln County, in conflict with section 261.
The trial judge, in interpreting the provision, ignored its context. The context of the provision indicates that it applies to fines and forfeitures that are the result of criminal prosecutions. Those fines and forfeitures are to be paid into the treasury of the county. The question is whether forfeitures under the statutes in this case are criminal in nature so as to come within Section 261.
In Reed v. State ex rel. Mississippi Bureau of Narcotics, 460 So.2d 115 (Miss. 1984), this Court, in reviewing a forfeiture proceeding under § 41-29-179, discussed the evidentiary standard for such a proceeding. *804 There police officers, as the result of a search of the safe deposit box of a suspected drug kingpin, seized a large amount of money and initiated forfeiture proceedings, although it was not the result of a criminal judgment. However, the following year in Saik v. State ex rel. Mississippi Bureau of Narcotics, 473 So.2d 188, 191 (Miss. 1985), we stated that forfeiture statutes are penal in nature.
The terms "fine," "forfeiture," and "penalty" are often used loosely and confusedly. A forfeiture is a divestiture of specific property without compensation, as the consequence of some default or act forbidden by law. There may be a judicial forfeiture, in personam, against the defendant owner as punishment for the crime, or a forfeiture in rem, against the property itself, which is treated as the real offender. In order to determine whether a particular forfeiture made pursuant to a statute is criminal or civil the court must look to the statute to see if it is penal or remedial. 37 C.J.S. Forfeitures §§ 1, 2 (1943 & 1991 Supp.); U.S. v. Seifuddin, 820 F.2d 1074, 1078 (9th Cir.1987).
A civil forfeiture proceeding is an in rem action which proceeds on the legal fiction that the property itself is guilty of wrongdoing. Though a criminal conviction is not a prerequisite to a civil forfeiture, such a civil proceeding usually involves property that has been used in, or that is related to, a criminal enterprise. A criminal forfeiture proceeding is commenced against a person rather than a thing. The action proceeds in personam against a defendant in a criminal action and is imposed as a sanction against the convicted defendant. United States v. $152,160.00 United States Currency, 680 F. Supp. 354, 356 (D. Co. 1988); In re Billman, 915 F.2d 916, 920 (4th Cir.1990); U.S. v. Bissell, 866 F.2d 1343, 1348 n. 3 (11th Cir.1989); U.S. Kingsley, 851 F.2d 16 (1st Cir.1988). A forfeiture of property as a criminal punishment to its owner cannot occur unless the owner is first convicted of a crime. U.S. v. Unit No. 7 and Unit No. 8., 853 F.2d 1445, 1449 (8th Cir.1988). A conviction is not assumed to be a prerequisite for a forfeiture unless the statute expressly or impliedly requires it. Annot., 3 A.L.R.2d 738 (1949); Compare Annot., 38 A.L.R.4th 515 (1985).
This Mississippi statute states:
§ 41-29-176. Forfeiture of property other than controlled substance, raw material or paraphernalia.
(1) When any property other than a controlled substance, raw material or paraphernalia, the value of which does not exceed Five Thousand Dollars ($5,000.00), is seized under the Uniform Controlled Substances Law, the property may be forfeited by the administrative forfeiture procedures provided for in this section.
* * * * * *
Miss. Code Ann. § 41-29-176(1).
Construing this statute in a manner consistent with constitutionality, the forfeitures that occur through the procedures outlined are civil in nature and not criminal. The forfeitures proceed against the seized property and not against the person. There is no mention in the outlined administrative process of a criminal action or conviction being a prerequisite to forfeiture. The forfeitures provided for in §§ 41-29-176 through XX-XX-XXX are against the property and not as a penalty upon conviction. A person is not necessary to a forfeiture proceeding under the statutes. Compare Reed, supra. The forfeitures under the statutes challenged in this case are civil in nature and therefore, do not conflict with Section 261 of the Mississippi Constitution of 1890. The order of the lower court that adjudged the Mississippi Forfeiture Statutes unconstitutional is reversed and rendered.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., not participating.