PITTMAN, Justice,
for the court:
This is an appeal from Harrison County Circuit Court, wherein the trial judge allowed $9,046.00 seized, in a drug arrest to be forfeited to Harrison County pursuant to § 261 of the Mississippi Constitution (1890). The Mississippi Bureau of Narcotics had previously filed a petition in county court seeking a forfeiture of the same money, pursuant to Miss.Code Ann. §§ 41-29-176 to 185 (1972, as amended). After considering the conflicting constitutional and statutory provisions, we affirm the circuit court’s forfeiture of the contraband money to Harrison County’s General Fund, pursuant to § 261 of the Mississippi Constitution (1890).
I.
Clyde Lee Cuevas was indicted and charged with possession of a controlled substance (hydromorphine) with intent to distribute on March 23, 1990. Following Cue-vas’s arrest, the Bureau of Narcotics filed a petition for forfeiture in the county court of Harrison County on February 23, 1990. Cuevas filed responsive pleadings denying the Bureau’s right of seizure, claiming that his pending criminal case in Harrison County Circuit Court controlled disposition of the seized money. As part of Cuevas’s guilty plea in circuit court, he agreed to forfeit the $9,046.00 to Harrison County. The circuit court judge sentenced Cuevas and the money was forfeited to Harrison County’s General Fund. The Bureau of Narcotics has appealed the judge’s decision, alleging that Miss. Code Ann. §§ 41-29-176 to 185 (1972, as amended), is the sole remedy.
II.
The Bureau of Narcotics claims that it is statutorily entitled to the forfeited money. See Miss.Code Ann. §§ 41-29-177 to 185 (1972, as amended). Section § 41-29-177(2) states that “[a] petition for forfeiture shall be filed promptly in the name of the State of Mississippi.... Forfeiture proceedings may be brought in circuit court or county court, if a county court exists in the county ...” Miss.Code Ann. § 41-29-177(2) (1972, as amended). The Code goes on further to *269 state the proper means of allocation of seized monies as follows:
All other property, real or personal, which is forfeited under this article, ... shall be liquidated and, after deduction of court costs and the expenses of liquidation, the proceeds shall be divided and deposited as follows:
(a) In the event only one law enforcement agency participates in the underlying criminal case out of which the forfeiture arises, fifty percent (50%) of the proceeds shall be forwarded to the State Treasurer and deposited in the General Fund of the state and fifty percent (50%) of the proceeds shall be deposited and credited to the budget of the participating law enforcement agency.
(b) In the event more than one law enforcement agency participates in the underlying criminal case out of which the forfeiture arises, fifty percent (50%) of the proceeds shall be deposited and credited to the budget of the law enforcement agency whose officers initiated the criminal case and fifty percent (50%) shall be divided equitably between or among the other participating law enforcement agencies, and shall be deposited and credited to the budgets of the participating law enforcement agencies. In the event that the other participating law enforcement agencies cannot agree on a division of their fifty percent (50%), a petition shall be filed by any one of them in the court in which the civil forfeiture case is brought and the court shall make an equitable division.
Miss.Code Ann. § 41-29-181(2) (1972, as amended).
Harrison County, on the other hand, lays claim to the contraband money pursuant to § 261 of the Mississippi Constitution, which states:
The expenses of criminal prosecutions shall be borne by the county in which such prosecution shall be begun; and all fines and forfeitures shall be paid into the treasury of such county. Defendants, in cases of conviction, may be taxed with all costs.
Miss. Const, art. 14, § 261 (1890).
Forfeited property has been a source of problems. There has been a lack of accounting for the property, a failure to secure such property for public use and a question of what to do with forfeited property. This is not the first time this Court has addressed the conflict existing between § 261 of the Mississippi Constitution and the forfeiture statutes found in Miss.Code Ann. § 45-29-176 through § 41-29-185 (1972, as amended). In Bureau of Narcotics v. Lincoln County, 605 So.2d 802 (Miss.1992), this Court found that the forfeiture statutes pertained to civil forfeitures and not criminal forfeitures, and thus did not conflict with the constitutional provision requiring that all fines and forfeitures be deposited in the county treasury. In Lincoln County, the lower court ordered the Highway Patrol to surrender $640 that was seized in a drug arrest to the county. The Bureau petitioned the court to amend its order to be consistent with the statutory forfeiture provisions. Rather than amending its order, the trial court declared the forfeiture statutes unconstitutional and in conflict with § 261 of the Mississippi Constitution. In reversing the trial court’s decision, this Court stated:
A forfeiture is a divestiture of specific property without compensation, as the consequence of some default or act forbidden by law. There may be judicial forfeiture, in personam, against the defendant owner as punishment for the crime, or a forfeiture in rem, against the property itself, which is treated as the real offender. In order to determine whether a particular forfeiture made pursuant to a statute is criminal or civil the court must look to the statute to see if it is penal or remedial, [citations omitted]
A civil forfeiture proceeding is an in rem action which proceeds on the legal fiction that the property itself is guilty of wrongdoing. Though a criminal conviction is not a prerequisite to a civil forfeiture, such a civil proceeding usually involves property that has been used in, or that is related to, a criminal enterprise. A criminal forfei *270 ture proceeding is commenced against a person rather than a thing. The action proceeds in personam against a defendant in a criminal action and is imposed' as a sanction against the convicted defendant, [citations omitted] A forfeiture of property as a criminal punishment to its owner cannot occur unless the owner is first convicted of a crime, [citation omitted] A conviction is not assumed to be a prerequisite for a forfeiture unless the statute expressly or impliedly requires it. [citations omitted].
605 So.2d at 804.
This case is not one which merely involves civil forfeiture proceedings. Although the forfeiture proceedings initiated by the Bureau in county court are of a civil nature, the Bureau ignores the fact that the $9,046.00 at stake is deeply embedded in the criminal proceedings against Cuevas. In sentencing Cuevas to eight years imprisonment, the trial judge took into consideration Cuevas’s guilty plea as well as his agreement to forfeit the $9,046.00. Unlike Lincoln County, the forfeiture proceedings were of a criminal origin. The circuit court had in personam jurisdiction over Cuevas at the time the forfeiture occurred and it was part of Cuevas’s criminal adjudication. Because the forfeiture was adjudicated as part of this criminal proceeding, § 261 of the Mississippi. Constitution is controlling over the civil forfeiture statutes.
When a forfeiture is adjudicated in conjunction with criminal proceedings, such as the case at bar, the contraband money should be deposited into the county’s general fund pursuant to § 261 of the Mississippi Constitution and is subject to the usual accounting and audit procedures of the county and/or State. Although the forfeiture is civil in nature, it was done in a criminal context. However, in those instances where criminal proceedings are never brought, or in cases where the forfeiture proceedings are not adjudicated in conjunction with a criminal trial, the statutory provisions of Miss.Code Ann. § 41-29-176 through § 41-29-181 will prevail. Therefore, we hereby affirm the lower court’s decision and award the $9,046.00 in seized currency to Harrison County for deposit in its general fund.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ, and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.