# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-KA-00272-SCT

*STATE OF MISSISSIPPI*

*v.*

*EDWARD H. FLEMING a/k/a EDWARD HARRY FLEMING*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/96 |
| TRIAL JUDGE: | HON. JOHN WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RUFUS ALLDREDGE |
| ATTORNEY FOR APPELLEE: | MICHAEL CROSBY |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 6/11/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/17/98 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. Here, the State appeals a lower court's dismissal of a criminal indictment charging the appellee with possession of cocaine with intent to transfer or distribute on grounds that the prior forfeiture of the appellee's motor home and $3,300 constituted punishment for purposes of the Double Jeopardy Clause and therefore barred the criminal prosecution of the appellee. We conclude the forfeiture was not punishment for purposes of the Double Jeopardy Clause and that the trial court therefore erred in dismissing the indictment. We reverse accordingly.

## I.

¶2. On September 01, 1994, Edward Fleming was stopped by local law enforcement for driving his motor home in a careless manner. A subsequent search of the vehicle produced $3,300 and 220 pounds of cocaine, which was promptly seized. The State initiated a civil forfeiture proceeding against the cash and the motor home pursuant to Miss. Code Ann. § 41-29-153. Fleming did not contest the forfeiture of these items.

¶3. Following the forfeiture, Fleming was indicted for possession of cocaine with intent to transfer or

distribute. He filed a motion to dismiss on the ground that the criminal prosecution was barred by double jeopardy as enumerated in the Fifth Amendment of the federal constitution and Article 3, § 22 of the Mississippi Constitution. The circuit court agreed and granted Fleming's motion to dismiss. Aggrieved, the State appeals this decision.

## II.

¶4. The State argues that the forfeiture of Fleming's property was not "jeopardy" within the meaning of the Double Jeopardy Clause and that the subsequent criminal prosecution was therefore not barred. The State relies upon *United States v. Ursery*, 518 U.S. 267 (1996) in which the United States Supreme Court held that most civil in rem forfeitures do not constitute punishment for purposes of the Double Jeopardy Clause. Additionally, the State argues that, as in *Ursery*, the civil in rem forfeiture here did not constitute punishment. Still further, the State contends that the forfeiture, if determined by this Court to be punishment, did not result from the same crime for which Fleming was indicted and therefore does not give rise to multiple prosecutions for the same crime.

¶5. Fleming, on the other hand, asserts the trial court's dismissal of the indictment was not error. He argues that any forfeiture that does not serve a purely remedial purpose is punishment against the property owner and provokes the Double Jeopardy Clause. He also notes the United States Supreme Court recognized that a civil forfeiture is "punishment" for purposes of the Excessive Fines Clause of the Eighth Amendment of the federal constitution in *Austin v. United States*, 509 U.S. 602 (1993). Thus, he argues it logically follows that a forfeiture should be considered punishment under the Double Jeopardy Clause as well.[(1)]

¶6. In dismissing the indictment against Fleming, the record reveals the trial court relied exclusively upon *United States v. Perez*, 70 F.3d 345 (5th Cir. 1995). There, the Fifth Circuit concluded that a civil forfeiture of an automobile seized after drugs were found inside the vehicle barred a later prosecution of the owner for possession of the same drugs. The Supreme Court, however, squarely overruled *Perez* in *Ursery*. See *United States v. Perez*, 110 F.3d 265 (5th Cir. 1997) (vacating prior decision on remand from the Supreme Court for reconsideration in light of *Ursery*).

¶7. Fleming relied upon the double jeopardy protections found in the United States and our state constitutions in dismissing the indictment against him. *Ursery*, however, clearly eliminates his federal double jeopardy claim as the Supreme Court expressly held that civil in rem forfeitures do not constitute punishment and therefore do not invoke the federal Double Jeopardy Clause. *Ursery*, 518 U.S. at 292. In fact, the United States Supreme Court has long held that the Double Jeopardy Clause does not apply to civil forfeitures because these proceedings do not impose punishment, *Various Items of Personal Property v. United States*, 282 U.S. 577 (1931); *One Lot Emerald Cut Stones & One Ring v. United States*, 409 U.S. 232 (1972); *United States v. One Assortment of 89 Firearms*, 465 U.S. 354 (1984). Additionally, the Supreme Court's recent decision in *Hudson v. United States*, 118 S. Ct. 488 (1997) puts to rest the notion that imposed penalties and sanctions which are civil in nature prohibit a subsequent criminal prosecution under the Double Jeopardy Clause of the federal constitution. Fleming's federal claim therefore necessarily fails.

¶8. The Mississippi Constitution's Double Jeopardy Clause likewise provides Fleming with no relief. In fact, our state's Double Jeopardy Clause is not even applicable to the circumstances presented here. The Mississippi Constitution, article 3, § 22 provides that:

No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.

¶9. Under the plain wording of Article 3, § 22, in order for this state's Double Jeopardy Clause to apply the accused must first suffer an actual acquittal *or* conviction on the merits of the offense. Then, and only then, will a second prosecution for that same offense be barred. In other words, before an accused can even argue a double jeopardy violation of this state's constitution, the accused must have been placed in jeopardy, i.e., subjected to a criminal trial. Otherwise, this state's Double Jeopardy Clause simply is not triggered.

¶10. Here, a motor home and cash were forfeited upon a finding of a large amount of cocaine in the vehicle. The ensuing forfeiture proceeding was aimed at the motor home and cash, not Fleming's life or liberty. Also, Fleming had not been acquitted or convicted previously of possession of cocaine with intent to distribute, which is the only way our Double Jeopardy Clause would have come into play and barred his criminal prosecution.

¶11. We concluded in *State ex rel. Mississippi Bureau of Narcotics v. Lincoln County*, 605 So. 2d 802, 804 (Miss. 1992) that "[t]he forfeitures provided for in §§ 41-29-176 through 41-29-181 are [civil in nature]." Section 41-29-176(1) (Supp. 1997) covers *all property* other than controlled substances *forfeited under the Uniform Controlled Substances Law.* (emphasis added). Fleming's property was forfeited under § 41-29-153 which prescribes the conditions for forfeiture under the Uniform Controlled Substances Law. It follows that the forfeiture of his property pursuant to this provision was civil in nature, not criminal. *Mississippi Bureau of Narcotics*, 605 So. 2d at 804.

¶12. We noted in *Mississippi Bureau of Narcotics* that an in rem civil action proceeds against the property under the legal fiction that the property -- here a motor home and cash -- is guilty of the violation alleged under the statute. *Id.* Fleming's presence was not required or even necessary at the forfeiture proceeding because it was the motor home and the cash, not him, against which the forfeiture proceeding was aimed. *Id.*

¶13. In holding with *Ursery*, *Hudson*, our state constitution's Double Jeopardy Clause and our decision in *Mississippi Bureau of Narcotics*, we conclude that the forfeiture in the instant case did not constitute punishment against Fleming, but instead was a civil in rem proceeding against property. As such, the criminal prosecution of Fleming was not barred by double jeopardy, and it was error for the trial court to dismiss the indictment.[(2)]

¶14. For these reasons, we reverse the judgment of the trial court and remand this matter to that court with instructions to reinstate the indictment for further proceedings.

¶15. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. WALLER, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶16. I am compelled to dissent.

¶17. The choices made by the State in forfeiture proceedings are akin to the State's decisions on whether to charge an individual with a felony or a misdemeanor--the State exercises an option. If the State convicted an individual of a misdemeanor for an act and subsequently tried to convict that same individual of a felony for the same act, double jeopardy would be implicated unquestionably. By proceeding with a forfeiture proceeding and then indicting Fleming for possession with intent to distribute, the State effectively did the same thing. It chose the lesser option--the "misdemeanor" option--and double jeopardy analysis should be triggered.

¶18. Additionally, the notion of "guilty property" has no place in our jurisprudence. *See* Jacob J. Finkelstein, The Goring Ox: Some Historical Perspectives on Deodands, Forfeitures, Wrongful Death and the Western Notion of Sovereignty, 46 Temp. L.Q. 169, 257 (1973) (arguing that the "guilty property" fiction "is about as irrational and unjust a proposition as a sober mind can concoct"); Tamara R. Piety, Comment, Scorched Earth: How the Expansion of Civil Forfeiture Doctrine Has Laid Waste to Due Process, 45 U. Miami L. Rev. 911, 919, 931 (1991) (quoting Finkelstein, *supra*); Mary M. Cheh, Can Something This Easy, Quick, and Profitable Also Be Fair? Runaway Civil Forfeiture Stumbles on the Constitution, 39 N.Y.L. Sch. L. Rev. 1, 9 (1994)(calling the "guilty property" fiction "a draconian punishment that is virtually bereft of constitutional protections"); Roger Pilon, Can American Asset Forfeiture Law Be Justified?, 39 N.Y.L. Sch. L. Rev. 311, 332 (1994)(finding the doctrines underlying the "guilty property" fiction "simply too fantastic to require much rebuttal"); Robert Lieske, Civil Forfeiture Law: Replacing the Common Law with a Common Sense Application of the Excessive Fines Clause of the Eighth Amendment, 21 Wm. Mitchell L. Rev. 265, 298-99 (1995) (tracing current abuse of civil forfeiture laws to continuing judicial acceptance of the "guilty property" fiction). Justice William O. Douglas also noted the obsolescence of the "guilty property" notion:

> We deal here with trivia where harsh judge-made law should be tempered with justice. I realize that the ancient law is founded on the fiction that the inanimate object itself is guilty of wrongdoing. But that traditional forfeiture doctrine cannot at times be reconciled with the requirements of the Fifth Amendment.

*Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 693 (1974) (Douglas, J., dissenting in part)(citations omitted).

¶19. While it may be popular to impose forfeiture in conjunction with our efforts to wage the "War on Drugs," we must be mindful of other constitutional protections. It is difficult for this writer to reconcile the forfeiture of all property that facilitates a crime, no matter the level of use, with forfeiture of deadly or otherwise harmful instruments or forfeiture of proceeds of a crime. Forfeiture of property should be implemented when the property plays a truly primary role in the crime, not when the property plays ancillary role as it did in the instant case.

¶20. Despite the majority's assertions to the contrary, the forfeiture statutes can and do serve punitive ends, no matter what label is placed on them. This Court should be analyzing our forfeiture statutes under the microscope of the Double Jeopardy Clause of the Mississippi Constitution. Because the majority does not do so, I respectfully dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**

1. The Supreme Court rejected this very argument. *Ursery*, 518 U.S. at 292.

2. In light of our disposition on this ground, it is not necessary for us to discuss the State's alternative arguments.