CARLTON, J.,
dissenting:
¶ 20. I respectfully dissent from the majority’s opinion in this case. Olivia Jefferson appeals the civil forfeiture of her vehicle. I would affirm the judgment of the trial court because the evidence in the record and the findings of the trial court reflect that the City met its burden to prove the allegations set forth in the complaint for civil forfeiture of the vehicle at issue. The record and the findings of the trial judge show Olivia knowingly served as a straw man for her brother who, while engaging in illegal drug activity, exercised dominion and control over the vehicle over the course of several years, using the vehicle for the facilitation of drug activity by the vehicle’s use in the transportation, sale, receipt, possession, or concealment of illegal controlled substances. I would therefore affirm the adjudged civil forfeiture. The subject of the forfeiture is the vehicle at issue, the red Chevrolet Tahoe, and the forfeiture complaint alleged the vehicle was used to engage in forbidden activity in violation of Mississippi Code Annotated section 41-29-153(a)(4) (Rev. 2009) for having been used, or intended for use, to transport or to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances or property described in Mississippi Code Annotated section 41-29-158(a)(2) (Rev. 2009). As stated, the findings and judgment of the trial court, as well as the evidence in the record, show that the City met its burden to prove that the vehicle was used to engage in the prohibited uses, and Olivia failed to show that such use was without her consent.
¶ 21. The separate and distinct criminal proceedings reflect the State’s prosecution of Olivia’s brother for the quantity of marihuana he possessed on one particular occasion on January 20, 2011, upon being stopped for an expired tag. The State’s prosecution of him as an individual fails to impact the separate in rem proceeding against the vehicle for its use in the facilitation of forbidden criminal drug activities over the course of several years and its resulting forfeiture.[1] A civil forfeiture constitutes an in rem proceeding, and the action proceeds upon a legal fiction that the property itself is guilty of wrongdoing. In contrast, a criminal prosecution commences against a person rather than a thing.[2] The forfeiture before us consists of a civil in rem proceeding against a *1258 “thing,” a vehicle, and not a criminal prosecution against an individual to determine his or her guilt and imposition of punishment. The civil forfeiture proceedings are not dependent upon whether criminal charges proceed against an individual or the outcome of any such prosecution.[3]
¶22. Civil forfeiture proceedings and criminal prosecutions, resulting from a violation of our state’s drug laws, constitute separate and distinct proceedings.[4] Mississippi Code Annotated section 41-29-179(2) (Rev.2009) sets forth the procedures and burden of proof applicable in civil forfeiture actions for property, including conveyances such as vehicles seized due to their use in the transport, facilitation of transportation, sale, possession, or concealment of illegal controlled substances as set forth in section 41-29-153. In this case, the City met its burden of proof to show by a preponderance of the evidence that the property forfeited, the red Tahoe vehicle, constituted a conveyance of property that was used or intended for use or in any manner facilitate the transport, sale, receipt, possession, or concealment of illegal controlled substances pursuant to section 41-29-153.
¶ 23. In civil forfeiture cases, the relevant question is whether, given all the evidence taken together, a rational trier of fact could have found that the funds were the products of or instrumentalities used in violations of the state’s uniform controlled substance laws.[5] Moreover, our civil forfeiture statutes place the burden on the individual claiming ownership to prove that he or she possessed no knowledge of and did not consent to the vehicle’s, or any other conveyance’s, use in any manner to facilitate the sale, transport, receipt, possession, or concealment of illegal controlled substances. The evidence in the record shows that the state’s narcotics task force received a tip from a confidential informant in 2009 that an African American male was selling drugs out of the vehicle at issue. The record provides ample evidence in support of the trial judge’s findings that Olivia knowingly constituted nothing more than a “straw man owner” of the vehicle to avoid the potential of losing it in the event her brother was arrested, and that in addition to paying for the vehicle, her brother enjoyed actual ownership as reflected in his exercise of possession, dominion, and control over the vehicle. The evidence shows that with her brother’s money, Olivia purchased the vehicle in October 2008 and that in 2009, the narcotics task force received a tip that a male was selling drugs out of that vehicle. The narcotics task force maintained surveillance on the activities of the vehicle from 2009 to January 2011 when Olivia’s brother was arrested for having an expired tag. Sufficient evidence was presented to prove ongoing facilitation of drug activity by use of the vehicle for the transport, sale, possession, and concealment of illegal drugs as set forth in section 41-29-153(a)(1) — (2).
¶ 24. The majority finds that since the State indicted Olivia’s brother for a violation of Mississippi Code Annotated section 41 — 29-139(c)(2)(C) (Supp.2012) for the marihuana found in the Tahoe vehicle on the particular date of his arrest, January 20, 2011, then the City could not pursue a forfeiture of the vehicle due to the vehicle’s facilitation of illegal drug transport, use, or possession. The majority concludes that *1259 section 41-29-153(a)(4)(D) (Rev.2009) does not allow civil forfeitures for violations of Mississippi Code Annotated section 41-29-139(c)(2)(A),[6] (B),[7] or (C) (Supp.2012).[8] The majority correctly acknowledges that testimony reflects that at the particular time when Olivia’s brother was arrested for having an expired tag, the amount of marihuana found in his possession was 238.6 grams. However, the evidence supported that Olivia constituted a straw man owner over the course of several years and that the vehicle facilitated ongoing sale, receipt, or possession of illegal controlled substances.
¶25. The record shows that Olivia’s brother gave her $27,000 to purchase the vehicle in 2008 and then later bought her another vehicle. Olivia testified that the vehicle at issue was garaged in Attala County, where her brother lived. The evidence also showed, and the trial judge found, that Olivia possessed a limited income with support from Supplemental Security Income and food stamps, and that after expenses, little remained. The trial court found that even though she possessed limited income, Olivia claimed to have purchased rims and big tires for the vehicle for $3,700 and to have paid the insurance on the vehicle. The record shows that Olivia claimed to own two vehicles her brother gave her money to purchase, and she claimed to pay the insurance on both. She also testified that her brother gave her money periodically.
¶ 26. The trial court found that the car was issued a tag from Attala County. The evidence in the record shows that the address provided for the vehicle tag was the address of Olivia’s brother, not Olivia, and the tag was issued from Attala County, where Olivia’s brother lived, rather than Holmes County, where Olivia resided. The evidence and the trial court’s findings also show that Olivia’s brother engaged a repairman on two occasions to work on the vehicle and to change the rims. Olivia claimed she painted the vehicle its current bright red color after she bought the vehicle with her brother’s money. .
¶ 27. Significantly to the issue in this case, eight different law enforcement officers testified that the they had seen an African American male driving the vehicle from 2009 to the time of the seizure, but they had never seen a female driving the vehicle. The testimony also showed that the vehicle had been previously placed under surveillance due to a tip that a male was selling drugs out of the vehicle. The trial court also found that the testimony showed that Olivia’s brother claimed to be the owner of the vehicle on two distinct occasions. On one occasion, he claimed ownership when reporting damage from vandalism occurring at the Lexington Christmas parade to the chief of police. Olivia’s brother also claimed to be the owner of the vehicle when an officer stopped him for an expired tag, giving rise to the sequence of events leading to the forfeiture in this case.
¶ 28. After reviewing the evidence, the trial court found that Olivia constituted a straw man “owner” who was attempting to claim ownership in the event of a future *1260 forfeiture.[9] More specifically, and with respect to her credibility as to ownership, the trial court found that Olivia knowingly placed the vehicle in her name so that she could claim ownership if and when her brother was arrested, and the vehicle would not be lost. Olivia failed to rebut the evidence of her brother’s dominion, control and actual ownership of the vehicle for illegal drug activities, and the trial court properly found that the evidence showed that Olivia’s brother actually constituted the individual who exercised possession, dominion, and control over the vehicle.
¶ 29. Based on the foregoing, I respectfully dissent.

. See Smith v. State, 716 So.2d 1076, 1080-81 (¶¶ 24-30) (Miss.1998); Miss. Bureau of Narcotics v. Harrison Cnty., 623 So.2d 267, 268-70 (Miss. 1993); State ex rel. Miss. Bureau of Narcotics v. Lincoln Cnty., 605 So.2d 802, 803-04 (Miss.1992).

. See State v. Fleming, 726 So.2d 113, 114-15 (¶ 7) (Miss.1998); Lincoln Cnty., 605 So.2d at 803-04.

. See Smith, 716 So.2d at 1080-81; Harrison Cnty., 623 So.2d at 268-70.

. Evans v. City of Aberdeen, 926 So.2d 181, 183 (¶ 5) (Miss.2006); Hickman v. State ex rel. Miss. Dep’t of Pub. Safety, 592 So.2d 44, 46-48 (Miss.1991).

.See Evans, 926 So.2d at 183 (¶ 5); Hickman, 592 So.2d at 46.

. Mere possession of thirty grams or less of marihuana by an individual on one occasion. Possession on different occasions, or dates, would be charged separately.

. Mere possession by an operator of a vehicle of one to thirty grams on one occasion.

.Mere possession by an individual of more than thirty grams but less than 250 grams on one occasion.

. See One Ford Mustang Convertible v. State ex rel. Clay Cnty. Sheriffs Dep’t, 676 So.2d 905, 907-08 (Miss. 1996) (straw man not owner of automobile for purposes of innocent owner defense to forfeiture): Parcel Real Prop. v. City of Jackson. 664 So.2d 194, 200 (Miss.1995) (finding that property owners must do "all that is reasonably expected to prevent the proscribed use of the property” and explaining that "reasonable affirmative conduct,” not heroics, must be exercised to prevent the property from being used to facilitate illegal drug transactions).