CARLTON, J.,
dissenting:
¶ 16. I respectfully dissent, and I submit that the trial court erred by granting Catalan’s motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6). This Court will affirm a trial court’s decision to dismiss for failure to state a claim “only if the moving party can show beyond doubt that the plaintiff failed to state a claim upon which relief can be granted.” Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 893 (¶ 4) (Miss.2006) *1059 (quoting M.R.C.P. 12(b)(6)). I would reverse and remand, since the record herein reflects that the City’s petition for forfeiture clearly stated a claim for relief under Mississippi Code Annotated sections 41-29-153(a)(5), 41-29-15S(a)(7), and 41-29-163(b) (Rev.2013).
¶ 17. The petition also satisfies the notice-pleading requirements of Mississippi Rule of Civil Procedure 8. The petition states that it “is for a civil action of the forfeiture of property under the authority of [Mississippi Code Annotated] sections 41-29-101, et. seq.” The petition provides the property, $104,960 in currency and a 2003 Ford F-150 Supercab truck, VIN # 1FTRX17213NB65899, was lawfully seized on June 2, 2012, by the East Mississippi Drug Task Force and that the City “has lawfully retained custody of subject property since seizure.” The petition also provided that both the currency and the truck were subject to forfeiture under section 41-29-153(b). The petition alleged that the “truck and currency [have] been used, or intended for use, or constituted] proceeds in violation of the Mississippi Uniform Controlled Substances Law.”[1] The petition also provided that the track and currency should be forfeited pursuant to Mississippi Code Annotated sections 41-29-179(4) (Rev.2013) and 41-29-181(2) (Rev.2013).
¶ 18. In reviewing Rule 12(b)(6) motions to dismiss, the appellate court is “not required to defer to the trial court’s judgment or ruling.” Gallagher, 926 So.2d at 893 (¶4). “Instead, we sit in the same position the trial court did” and review de novo. Id. A motion to dismiss under Rule 12(b)(6) raises a question of law. “In order for us to affirm a grant ... of a Rule 12(b)(6) motion to dismiss, it must be such that no set of facts would entitle the opposing party to relief.” Id. The trial court cannot consider matters outside of the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. Arnona v. Smith, 749 So.2d 63, 65 (¶7) (Miss.1999). A Rule 12(b)(6) motion to dismiss is converted to a Rule 66 summary-judgment motion when the trial court considers matters outside of the complaint. Id.; see also Cook v. Brown, 909 So.2d 1075, 1077 (¶ 8) (Miss. 2005).
¶ 19, The petition in this case contains the requisite jurisdictional and statutory elements and clearly identifies the property subject to, and the parties interested in, this in rem civil forfeiture action.[2] As a result, I submit that the City’s petition is sufficient to enable interested parties “to commence an investigation of the facts and to frame a responsive pleading.” United States v. Seventy-Nine Thousand Three Hundred Twenty-One Dollars, 522 F.Supp.2d 64, 70 (D.D.C.2007); United States v. All Funds on Deposit in Dime Sav. Bank of Williamsburg Account No. 58-400738-1, 255 F.Supp.2d 56, 66 (E.D.N.Y.2003). The petition herein provides specificity as to the property subject to the seizure action and is sufficient to place persons potentially interested in the *1060 property on fair notice of the City's intent and position. The trial court erred in dismissing the City’s petition pursuant to Rule 12(b)(6),- and I would therefore reverse and remand for proceedings consistent with this separate opinion.
IRVING AND GRIFFIS P.JJ., AND BARNES, J., JOIN THIS OPINION.

. Regarding evidence on the merits, see and compare Cowan v. Mississippi Bureau of Narcotics, 2 So.3d 759, 765 (¶21) (Miss.Ct.App.2009) ("The trier of fact may act on circumstantial 'evidence and inferences as well as direct evidence” in determining whether the preponderance of the evidence showed that the money was drug related.); see also Hickman v. State ex rel. Miss. Dep’t of Pub. Safety, 592 So.2d 44, 46-48 (Miss. 1991) (affirming forfeiture of money seized based on circumstantial evidence indicating drug-courier activities).

. A civil forfeiture petition in action constitutes an in rem proceeding. State ex rel. Miss. Bureau of Narcotics v. Lincoln Cty., 605 So.2d 802, 804 (Miss. 1992). In the civil in rem forfeiture action, "a criminal conviction is not a prerequisite for civil forfeiture!.] ” Id.