GRIFFIS, P.J.,
for the Court:
¶ 1. Olivia Jefferson appeals the forfeiture of her vehicle. Olivia’s vehicle was seized after the arrest of her brother, Willie Joe Jefferson. Olivia raises four issues: (1) the forfeiture violated Mississippi Code Annotated section 41-29-153(a)(4)(D) (Rev. 2009); (2) the forfeiture hearing was premature because Willie’s criminal action was still pending; (3) the forfeiture was inappropriate when the substance recovered from the vehicle was obtained through an unlawful search; and (4) the forfeiture violated the Excessive Fines Clause of the Mississippi Constitution. Finding reversible error, we reverse and render the circuit court’s judgment.
FACTS
¶ 2. In October of 2008, Olivia purchased a Chevrolet Tahoe. Willie frequently drove the Tahoe. On January 20, 2011, Officer Jimmy Earl Evans Jr., with the Kosciusko Police Department, saw Willie driving the Tahoe and noticed the tag was expired. Officer Evans initiated a stop, and Willie pulled into the driveway of his residence. Willie got out, locked the door, and walked toward Officer Evans.
¶ 3. Officer Evans determined that Willie did not have a valid license and placed him under arrest for no license, no insurance, and an expired tag. Officer Evans placed Willie in the patrol car. Officer Herbert Dew then arrived. Officer Dew and Officer Evans searched the Tahoe. They found a bag of marihuana under the passenger seat.
¶ 4. Willie was charged with felony possession of marihuana under Mississippi Code Annotated section 41-29-139(c)(2)(C) (Rev.2009). Officer Brice Cole seized and drove the Tahoe to the Kosciusko Police Department.
¶ 5. On January 21, 2011, Willie was served with a notice of intent to forfeit seized property. On February 16, 2011, the City of Kosciusko filed a complaint for forfeiture against Olivia and Willie. On March 28, 2011, Olivia filed her answer. The circuit court entered a default judgment against Willie on May 10, 2011.
¶ 6. On August 9, 2011, Willie was indicted for possession of more than thirty grams but less than 250 grams of marihuana under section 41-29-139(c)(2)(C).
¶ 7. On August 24, 2011, the circuit court held a hearing on the forfeiture complaint. Six law enforcement officers testified. The Mississippi Crime Laboratory stated in its report and at the hearing that the substance obtained during the search was 238.6 grams of marihuana.
¶ 8. The circuit court found that there was evidence that Olivia drove the Tahoe, and there was “no indication she had knowledge of her brother’s drug activity.” However, the circuit court found that Wil *1255 lie had dominion and control over the Tahoe such that Olivia was a mere “straw man,” and Willie was the true owner. By an order entered on September 6, 2011, the circuit court granted the forfeiture of Olivia’s Tahoe.
¶ 9. On September 28, 2011, in Willie’s criminal action, the circuit court held a hearing on Willie’s motion to suppress the marihuana. Willie argued that the search ■violated his Fourth Amendment rights. Officers Dew and Evans testified about the police department’s policy to search vehicles of any person under arrest. The circuit court held that the search of the Tahoe was an unlawful search. The circuit court granted Willie’s motion to suppress, and the criminal charges against Willie were dismissed with prejudice.
¶ 10. Olivia filed her notice of appeal on October 6, 2011.
STANDARD OF REVIEW
¶ 11. “The appropriate standard of review in forfeiture cases is the familiar substantial evidence/clearly erroneous test.” Galloway v. City of New Albany, 735 So.2d 407, 410 (¶ 15) (Miss.1999) (citation omitted). We “will not disturb a circuit court’s findings unless it has applied an erroneous legal standard to decide the question of fact.” Id. We review questions of law de novo.
ANALYSIS

Validity of Forfeiture

¶ 12. The City’s complaint for forfeiture claimed that the “2007 Chevrolet Tahoe ... is subject to forfeiture under the provisions of section 41-29-153(a)(4) of the Mississippi Code Annotated ... having been used, or intended for use, to transport or to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or property described in section 41-29-153(a)(2).... ” Mississippi Code Annotated section 41-29-153(a) (Rev.2009), in relevant part, provides:
The following are subject to forfeiture:
(1) All controlled substances which have been manufactured, distributed, dispensed or acquired in violation of this article or in violation of Article 5 of this chapter;
(2) All raw materials, products and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this article or in violation of Article 5 of this chapter;
(3) All property which is used, or intended for use, as a container for property described in paragraph (1) or (2) of this subsection;
(4) All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2) of this subsection; however
[[Image here]]
D. A conveyance is not subject to forfeiture for a violation of section 41-29-139(c)(2)(A), (B) or (C)....
The City’s complaint cites two subsections, 41-29-153(a)(2) and (4). The City, in this appeal, does not contend that subsection (a)(2) applies. Instead, the Tahoe is a vehicle and is specifically considered for forfeiture under section 41-29-153(a)(4).
¶ 13. Olivia argues the forfeiture was not valid under the forfeiture statute. She claims that the property was excluded from forfeiture under section 41-29-153(a)(4)(D). Thus, the dispositive issue is the quantity of marihuana found when Wil *1256 lie was stopped and arrested. Willie was indicted under section 41 — 29—139(c)(2)(C), which provides:
(2) Marihuana ... in the following amounts shall be charged and sentenced as follows:
[[Image here]]
(C) More than thirty (30) grams but less than two hundred fifty (250) grams may be fined not more than One Thousand Dollars ($1,000.00), or confined in the county jail for not more than one (1) year, or both; or fined not more than Three Thousand Dollars ($3,000.00), or imprisoned in the State Penitentiary for not more than three (3) years, or both....
The Mississippi Crime Laboratory determined that the marihuana recovered from the vehicle in the search was 238.6 grams.
¶ 14. The City of Kosciusko argues that the “proper charge for this defendant for the possession of 238.6 grams of marihuana would be under 41-29-139(c)(2)(D),” which provides:
(2) Marihuana ... in the following amounts shall be charged and sentenced as follows:
[[Image here]]
(D) Two hundred fifty (250) grams but less than five hundred (500) grams, by imprisonment for not less than two (2) years nor more than eight (8) years and by a fine of not more than Fifty Thousand Dollars ($50,000.00)....
Miss.Code Ann. § 41-29-139(c)(2)(D) (Rev. 2009). The City does not explain how or why the proper charge would be under subsection (c)(2)(D) instead of subsection (c)(2)(C). The City does not point to any evidence that would support its argument that Willie possessed was more than 250 grams of marihuana when he was arrested and the vehicle was seized.
¶ 15. The trial court’s decision was based on One Ford Mustang Convertible v. State ex rel. Clay County Sheriff’s Department, 676 So.2d 905, 906 (Miss.1996), where the court determined that a “straw person” was not the owner of the automobile for the purpose of the innocent-owner defense in section 41-29-153(a)(4)(B). There, the controlled substance was cocaine, and section 41-29-139(c)(2)(C) was simply not applicable. The dissent cites this case as authority but does not explain how it applies to the case before us.
¶ 16. The forfeiture statute, section 41-29-153(a)(4)(D), expressly excludes the forfeiture of property based on a violation of section 41-29-139(c)(2)(C). Here, the indictment and the Mississippi Crime Laboratory’s report clearly establish that the amount of marihuana recovered in the search was 238.6 grams. Thus, the proper charge would be under section 41-29-139(c)(2)(C), and not under section 41-29-139(c)(2)(D). As a matter of law, the quantity of marihuana recovered and charged was statutorily excluded from forfeiture. Accordingly, we find as a matter of law that the circuit court erred when it granted the forfeiture. We reverse and render on this issue.
¶ 17. The dissent agrees with this analysis but goes much further to find: “However, the evidence supported that Olivia constituted a straw man owner over the course of several years and that the vehicle facilitated the ongoing sale, receipt, or possession of illegal controlled substances.” The dissent does not cite a statute or case that is authority for this proposition. Mississippi Code Annotated section 41-29-153 (Rev.2009) only authorizes the forfeiture of property in certain circumstances. The statute does not allow for a forfeiture because law enforcement believes it may have been used in the “ongoing sale, receipt, or possession of illegal *1257 controlled substances.” The statute provides for an exception when the amount of the controlled substance seized is less than 250 grams of marihuana. The dissent admits that this exception applies, yet wants to allow forfeiture based on some authority other than the relevant law. We respectfully disagree.
¶ 18. Because the first issue is disposi-tive, the remaining issues are moot.
¶ 19. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.