CARLTON, J.,
DISSENTING:
¶25. In applying the controlling standard of review to this ease involving an action in rem, I submit that we should affirm the circuit court’s judgment.[2] See Six Thousand Dollars v. State ex rel. Miss. Bureau of Narcotics, 179 So.3d 7, 14 (¶ 19) (Miss.Ct.App.2014) (discussing the appropriate standard of review to apply in forfeiture cases). I therefore dissent from the majority’s opinion.
¶ 26. As stated in Hickman v. State ex rel. Mississippi Department of Public Safety, 592 So.2d 44, 45-46 (Miss.1991), a civil forfeiture proceeding is not a criminal prosecution, and Mississippi law requires the State to prove all facts requisite to the forfeiture by a preponderance of the evidence. See also One Hundred Seven Thousand Dollars U.S. Currency v. State ex rel. Harrison Cty. Sheriffs Dep’t, 643 So.2d 917, 922 (Miss.1994) (“[T]he State must prove that it is more likely than not that the currency was possessed by the claimant with the intent to be used in connee *1138 tion with an illegal narcotics trafficking scheme.” (citation omitted)); Saik v. State ex rel. Miss. Bureau of Narcotics, 473 So.2d 188, 191 (Miss.1985) (discussing that the burden is on the State to prove forfeiture by a preponderance of the evidence); Miss. Code Ann. § 41-29-179(2) (Rev. 2013) (discussing the burden of proof required to show that property is subject .to-forfeiture),
¶ 27. “As in any civil action, the trier of facts may act on circumstantial as well as direct evidence ....” Hickman, 592 So.2d at 46 (quoting Reed v. State ex rel. Miss. Bureau of Narcotics, 460 So.2d 115, 118 (Miss.1984)). As the supreme court stated in Hickman:
The question is not how we would have resolved the evidentiary and ultimate fact disputes had we been the triers of fact, but whether, given the record, a reasonable factfinder may have done as was done. This standard substantially limits appellate review of the facts, save only where the circuit court has applied an erroneous legal standard to decide the question of fact.
Id. (citing McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989)). Compare Tran v. State, 962 So.2d 1237, 1244-47 (¶¶26, 39) (Miss.2007) (discussing the State’s seizure of moriey pursuant to a civil forfeiture action and the various unlawful activities that could result in money laundering and a violation.of the Mississippi Uniform Controlled Substances Law).[3]
¶ 28. Based upon a review of the record and relevant caselaw, I would affirm the circuit court’s judgment. The record reflects sufficient evidence for a reasonable factfinder to conclude that Ruiz and the $56,000 in United States currency violated the Mississippi Uniform Controlled Substances Law. See Miss. Code Ann. § 41-29-101 to -191 (Rev. 2013). As a result, I dissent from the majority’s opinion.
GRIFFIS, P.J., JOINS THIS OPINION.

. See Jefferson v. City of Kosciusko, 111 So.3d 1253, 1257 (¶ 21) (Miss.Ct.App.2013) ("A civil forfeiture constitutes an in rem proceeding, and the action proceeds upon a legal fiction that the property itself is guilty of wrongdoing.”).

. See also Six Thousand Dollars v. State ex rel. Miss. Bureau of Narcotics, 179 So.3d 1, 4-6 (¶¶ 5-8) (Miss.2015) (discussing the legal standard applicable to the innocent-owner exception and finding that the defendant's uncorroborated- testimony that he owned money seized by law enforcement was insufficient to establish the innocent-owner exception).